# In re Rosa MEJIA-ANDINO, Respondent

### File A77 620 047 - Harlingen

### *Decided December 4, 2002*

### U.S. Department of Justice
### Executive Office for Immigration Review
### Board of Immigration Appeals

Removal proceedings against a minor under 14 years of age were properly terminated because service of the notice to appear failed to meet the requirements of 8 C.F.R. § 103.5a(c)(2)(ii) (2002), as it was served only on a person identified as the respondent's uncle, and no effort was made to serve the notice on the respondent's parents, who apparently live in the United States.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Sylvia H. Alonso, Appellate Counsel, and Lisa M. Putnam, Assistant District Counsel

BEFORE:  Board En Banc: SCIALABBA, Chairman; DUNNE, Vice Chairman; HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GUENDELSBERGER, GRANT, MILLER, HESS, and PAULEY, Board Members.  Concurring Opinion: ESPENOZA, Board Member, joined by SCHMIDT, MOSCATO, BRENNAN, and OSUNA, Board Members.

GUENDELSBERGER, Board Member:

In a decision dated March 6, 2000, an Immigration Judge terminated removal proceedings against the respondent. On May 17, 2002, we dismissed the Immigration and Naturalization Service's appeal from that decision. The Service has filed a timely motion requesting reconsideration en banc. The motion will be granted. Upon reconsideration, we will affirm our prior decision.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The respondent was 7 years old when she was apprehended by the Service in August 1999 and charged with unlawful entry into the United States. The respondent failed to appear for hearings on November 2, 1999, and March 6, 2000. At the second hearing the Service requested that the Immigration Judge enter an in absentia order of removal. After considering the evidence of record, the Immigration Judge terminated proceedings, finding that the Service

failed to demonstrate that the charging document was properly served on the respondent, that the respondent was given the opportunity to appear for her hearing, or that the respondent was removable as charged.

The record before the Immigration Judge included the Notice to Appear (Form I-862) and a Record of Deportable/Inadmissible Alien (Form I-213). The narrative portion of the Form I-213 states that the 7-year-old respondent "admitted to illegally entering the United States by wading the Rio Grande River at a point not designated as a Port of Entry at or near Los Indios, Texas on or about August 23, 1999"; that she "claimed to have left Honduras on or about August 1, 1999 and travelled by a combination of foot and bus until reaching the Rio Grande River near Matamoros, Tamaulipas"; and that she "stated that she was en route to Detroit, Michigan to reside with her family." The Form I-213 reports that the respondent was apprehended with a group of four other undocumented aliens of Honduran citizenship, among whom were her brother, her sister, and an uncle.

The Immigration Judge found that the Notice to Appear was personally served on the person identified in the Form I-213 as the respondent's uncle.[1] She determined, however, that more should be required in the case of a 7-year-old child than a conclusory statement in a Form I-213 as to the relationship of an adult to the child. She expressed concerns that adults entering this country are motivated to make a false claim to have a familial relationship to an accompanying child or children, because the adults believe that such a relationship makes it less likely they will be detained.[2] Under the circumstances in this case, the Immigration Judge found that the Notice to Appear was not properly served.

Alternatively, the Immigration Judge found that it would violate the respondent's due process rights to penalize her for failing to appear. Furthermore, she found that removability had not been established by clear, unequivocal, and convincing evidence. For these reasons, the Immigration Judge terminated the proceedings. The Service appealed.

We dismissed the Service's appeal, finding that given the age of the child at the time of apprehension by the Service and the lack of evidence to

---

[1] The Notice to Appear indicates that it was "[s]erved on subjects' [sic] uncle" by personal service on August 24, 1999, by a Border Patrol agent in Harlingen, Texas. Both that document and the Form I-213 identify the person claiming to be the respondent's uncle by the same name and alien number.

[2] The Immigration Judge took administrative notice that "[b]ecause it is the practice of the Service in this part of the country to release without requiring payment of any type of bond adult and juveniles who are traveling together, it is not at all unusual for adults to falsely claim that children who are arrested with them are their relatives when, in fact, they are not." *See also United States v. Cabrera*, 288 F.3d 163 (5th Cir. 2002) (describing a child-rental scheme based on the Border Patrol policy of returning families with children to Mexico, rather than detaining them and charging them with illegal entry).

establish the identity of the person who signed the charging document, the Immigration Judge did not err in finding it "fundamentally unfair" to enter an in absentia order of removal based on the evidence in the record.[3]

## II.  ISSUES

Two issues are presented in this motion for reconsideration:  (1) whether the Service established by clear, unequivocal, and convincing evidence that the Notice to Appear and hearing notice letters were properly provided to the respondent, as required by the Immigration and Nationality Act and the regulations; and (2) whether the Service proved that the respondent was removable as charged.

## III.  ANALYSIS

We first address whether the Notice to Appear was properly served on the respondent.  The Service contends that the Immigration Judge should have entered an in absentia order in this case.  Section 240(b)(5)(A) of the Act, 8 U.S.C. § 1229a(b)(5)(A) (2000), the statutory provision governing in absentia orders, provides, in pertinent part, as follows:

> Any alien who, after written notice required under paragraph (1) or (2) of section 239(a) has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section).

Under the statute, the first question to be addressed is whether there was "clear, unequivocal, and convincing evidence" that the Service provided the written notice required under section 239(a)(1) of the Act, 8 U.S.C. § 1229(a)(1) (2000).  Under section 239(a)(1) the "notice to appear" must be given "in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)."  Section 239(c) provides that "[s]ervice by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F) of this section."[4]

The regulations provide specific instructions for service of a notice to appear in the case of a minor under 14 years of age.  Such service "shall be made upon the person with whom . . . the minor resides; whenever possible, service shall also be made on the near relative, guardian, committee, or friend."  8 C.F.R. § 103.5a(c)(2)(ii) (2002); *see also* 8 C.F.R. § 236.2 (2002)

---

[3]  As we affirmed the Immigration Judge on the issue of removability, we did not address whether there was proper service of the Notice to Appear and hearing notice letters.

[4]  Section 239(a)(1)(F)(ii) requires that the notice to appear inform the alien of the obligation to provide the Attorney General with a written record of any change of address.

(providing that for respondents under the age of 14, the notice to appear shall be served in the manner prescribed in 8 C.F.R. § 239.1 upon the person or persons specified by 8 C.F.R. § 103.5a(c)).

We find that in this case, personal service of the Notice to Appear on the person identified in the Form I-213 as the respondent's uncle does not meet the regulatory requirement that service be made on the person with whom the respondent resides and, whenever possible, on the "near relative." The Form I-213 states that the respondent was traveling to Detroit to reside with her family, lists the names of her parents, and gives a Detroit, Michigan, address. The question here is whether the regulation requires service on the respondent's parents. We find that it does.

In *Matter of Amaya*, 21 I&N Dec. 583 (BIA 1996), we recognized that the purpose of requiring service of a notice to appear on the person with whom a minor respondent resides was to direct service of the charging document "upon the person or persons who are most likely to be responsible for ensuring that an alien appears before the Immigration Court at the scheduled time." *Id.* at 585.

The Service has emphasized, and the courts have acknowledged, that parents have ultimate responsibility in cases involving minor respondents. In the case of Elian Gonzalez, for example, the Service stated that 6-year-old children "lack the capacity to sign and to submit personally an application for asylum" and, instead, "must be represented by an adult in immigration matters." *Gonzalez v. Reno*, 212 F.3d 1338, 1349-50 (11th Cir.), *cert. denied*, 530 U.S. 1270 (2000). Furthermore, the Service concluded that "absent special circumstances, the only proper adult to represent a six-year-old child is the child's parent." *Id.* at 1350. The United States Court of Appeals for the Eleventh Circuit found this approach was a reasonable policy choice in light of the statutory scheme. *Id.* at 1351.

The regulations governing service of a notice to appear on a minor respondent do not explicitly require service on the parent or parents in all circumstances. If a minor respondent's parents are not present in this country, service on an uncle or other near relative accompanying the child may suffice.[5] However, when it appears that the minor child will be residing with her parents in this country, as in this case, the regulation requires service on the parents, whenever possible, in addition to service that may be made on an accompanying adult or more distant relative.[6] Therefore, under the facts in

---

[5] The Form I-213 contains only a conclusory statement that the adult with whom the respondent was apprehended was her uncle. The Immigration Judge indicated that she had "some doubts" as to whether the person was, in fact, the respondent's uncle.

[6] By our decision today, we do not mean to discourage personal service of a notice to appear on an adult relative accompanying a minor child. Quite the contrary, we find that the Service acted properly and prudently in serving the Notice to Appear on the respondent's uncle in this

(continued...)

this case, we find that the Immigration Judge correctly determined that the Service failed to demonstrate clear, unequivocal, and convincing evidence of proper service of the Notice to Appear.

Having found that the Immigration Judge correctly terminated proceedings for lack of proper service of the Notice to Appear, we need not reach the other questions raised in this case.

**ORDER:**  The motion to reconsider en banc by the Immigration and Naturalization Service is granted.  Upon reconsideration, we affirm the result reached in our prior decision.

*CONCURRING OPINION*: Cecelia M. Espenoza, Board Member, in which Paul Wickham Schmidt, Anthony C. Moscato, Noel Ann Brennan, and Juan P. Osuna, Board Members, joined

I respectfully concur.

Although I concur with the majority's determination that the Immigration Judge did not err in terminating this case, I would address the issue of the reliability of the Record of Deportable/Inadmissible Alien (Form I-213) when the information comes through a 7-year-old child.  I would find that the information contained in the Form I-213 was not sufficient in the absence of a determination that the child was able to understand and relate that information, free from undue influence.

In order to enter an in absentia order, an Immigration Judge must find "clear, unequivocal, and convincing evidence" that the respondent is removable.  Section 240(b)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5) (2000); 8 C.F.R. § 3.26(c)(1) (2002).  As a general rule, the Form I-213 is inherently reliable and, in the absence of indicia of unreliability, may be used to establish that an absent respondent is an alien subject to removal from the United States.  *See Matter of Ponce-Hernandez*, 22 I&N Dec. 784 (BIA 1999); *see also Bustos-Torres v. INS*, 898 F.2d 1053 (5th Cir. 1990) (involving an in absentia order entered against an adult respondent).

As the Immigration Judge noted, this case is distinguishable from *Matter of Ponce-Hernandez, supra*.  The alien in that case was 15 years of age at the time of his apprehension.  We considered the age of the respondent in *Ponce-Hernandez* in determining that reliance on the Form I-213 in that case was fundamentally fair and that the information on the form was inherently trustworthy.  We remarked that "there is neither an assertion nor a reason to believe that the respondent's age impeded an accurate exchange of basic biographical information between the respondent and the border patrol agent." *Id.* at 787.  We noted that "[g]iven the basic nature of the information in the

---

[6] (...continued)

case.  The regulation, however, also requires service on the respondent's parents.

Form I-213 *and the age of the respondent*, there is no adequate basis to bar reliance on the uncontested factual information reflected therein." *Id.* at 786 n.3 (emphasis added). Although *Matter of Ponce-Hernandez* establishes a general presumption of reliability, we did not there hold that any statement in a Form I-213, however conclusory, is sufficient to meet the burden of proof as to alienage. Instead, we emphasized that the Form I-213 in that case provided "detailed information" and indicated that the respondent was the source of that information.

The very young age of the respondent in this case raises obvious questions as to the inherent reliability of the information in the Form I-213 that were not present in *Ponce-Hernandez*. Very few 7-year-old children have the intelligence and understanding to provide accurate information regarding alienage, immigration status, and manner of entry. Even those who might ordinarily be able to communicate such information may be prone to suggestion when apprehended and questioned by Service officers concerning these events. Furthermore, some young children may have been instructed by the adults with whom they are traveling to provide false information to the Service. *See, e.g.*, *United States v. Cabrera*, 288 F.3d 163 (5th Cir. 2002) (describing a scheme in which parents were paid to have their very young children accompany immigrants across the border because the Border Patrol had a policy of returning families with young children to Mexico rather than detaining them and charging them with illegal entry).

For these reasons, I agree with the Immigration Judge that in the case of a child as young as the respondent in this case, special care should be taken to explain the source and reliability of the information in the Form I-213. *See Matter of Amaya*, *supra*, at 586-87 (stating that an Immigration Judge must make a comprehensive inquiry into whether a minor respondent's testimony at a removal hearing is reliable and make sure that the respondent understands any facts that are admitted). This requirement is consistent with traditional rules of evidence that set standards for testing the veracity of testimony from children younger than 10 years of age. I acknowledge that this is not an area of the law in which hard and fast rules as to the age of the child or the content of the Form I-213 would prove useful. *See, e.g.*, *Idaho v. Wright*, 497 U.S. 805, 822 (1990) (declining to "endorse a mechanical test" for determining reliability of hearsay statements made by a child witness in a child sexual abuse case, but identifying factors that may be considered). However, it would be helpful, when information in a Form I-213 is attributed to a young child, to include a description of the circumstances of the interview, as well as an assessment of the child's willingness and capacity to provide the information. When there are others in the detained group who claim to be related to the child, it would also be useful to indicate whether the information provided by the child corresponds to the accounts of the others

in the group, particularly those claiming to be close relatives, and whether any identification documents corroborate the claimed relationship.

The Immigration Judge found it troubling that although the respondent "supposedly was arrested with several family members at the time of her arrest by the Service, there is no indication in the I-213 that any information contained therein was obtained from anyone other than [the respondent]." In addition, there is no evidence regarding the nature of the questioning that generated the information contained in the Form I-213. The Form I-213 in this case attributes most of the information therein to a 7-year-old child. It then states that one of the adults in the group is the respondent's uncle but does not explain the source of that information. I am not persuaded that on the facts of this case, the Immigration Judge erred in finding that the information in the Form I-213, without more, lacked sufficient indicia of reliability to support a finding that the respondent was removable by "clear, unequivocal, and convincing" evidence. Therefore, I would have sustained the Immigration Judge's determination that the facts do not support a finding that the Form I-213 in this case has the indicia of reliability to support removability.

Consequently, I would reach this issue, distinguish the facts of this case from *Matter of Gomez-Gomez*, 23 I&N Dec. 522, 524 (BIA 2002) (acknowledging that principles of special care exist when information is obtained from a minor respondent), and affirm the result reached in the prior decision on this basis as well.