# Matter of Hilmer Leonel CUBOR-Cruz, Respondent

*Decided April 29, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Personal service of a Notice to Appear (Form I-862) on a minor who is 14 years of age or older at the time of service is effective, and the regulations do not require that notice also be served on an adult with responsibility for the minor.

FOR RESPONDENT: Rashmi N. Patel, Esquire, Stamford, Connecticut

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated January 24, 2006, an Immigration Judge issued an in absentia order of removal against the respondent. On August 31, 2010, the respondent filed a motion to reopen the proceedings, requesting rescission of the removal order for lack of proper notice. The Immigration Judge denied the respondent's motion in a decision dated September 21, 2010. The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a 23-year-old native and citizen of Guatemala who left that country with his step-father and entered the United States on June 23, 2005, without being admitted or paroled. He was born on April 1, 1988, and was 17 years old at the time of entry.

The respondent concedes on appeal that he was served in person with a Notice to Appear (Form I-862) dated June 27, 2005, and that he failed to appear for his scheduled hearing before the Immigration Judge. However, he argues that he did not receive proper notice of the hearing and that his in absentia proceedings should therefore be reopened and the removal order rescinded. Specifically, he asserts that even though he was served in person, the service was not proper because the notice of the hearing should also have been given to his step-father or a legal guardian since he was only 17 years old at the time.

## II. ANALYSIS

A removal order entered against an alien in absentia may be rescinded at any time if the alien files a motion to reopen and demonstrates that he or she did not receive notice of the hearing. 8 C.F.R. § 1003.23(b)(4)(ii) (2010). Section 239(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1) (2006), provides that the Notice to Appear is properly served if it is "given in person to the alien (or if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." *See also* 8 C.F.R. § 103.5a(c)(1) (2010) (providing for personal service of notice). However, the regulations state that if the alien is a minor under 14 years of age, "service shall be made upon the person with whom the . . . minor resides; whenever possible, service shall also be made on the near relative, guardian, committee, or friend." 8 C.F.R. § 103.5a(c)(2)(ii); *see also* 8 C.F.R. § 236.2(a) (2010).

The respondent argues that this definition of a "minor" conflicts with the definition of a "juvenile" as a person "under the age of 18 years" in 8 C.F.R. §§ 236.3(a) and 1236.3(a) (2010), which describe procedures for detention and release of juvenile aliens. He relies on a decision by the United States Court of Appeals for the Ninth Circuit finding that the differing definitions of a "minor" and a "juvenile" in this context were illogical and could raise serious due process concerns. *Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1157-62 (9th Cir. 2004).

In that case, the Ninth Circuit ruled that if an alien under the age of 18 is released into the custody of an adult, the Notice to Appear should be served on the adult as well as the alien, because it "would be inconsistent for the regulations to require that minors older than fourteen be released to a competent adult who takes responsibility for the minor but to not require that the adult be served with notice." *Id.* at 1163. Thus, the respondent asserts that to reconcile these regulations, they should be interpreted to require that when an alien under the age of 18 is served with a Notice to Appear, a copy must also be given to an adult.[1]

The regulations promulgated by the Attorney General have the force and effect of law. Section 103(a) of the Act, 8 U.S.C. § 1103(a) (2006); *Matter of Anselmo*, 20 I&N Dec. 25, 30 (BIA 1989); 8 C.F.R. §§ 1003.1(d)(1)(i), 1003.10(b) (2010). We construe the language of the regulations following the same principles of interpretation that we apply to statutory provisions. *See Matter of Villarreal-Zuniga*, 23 I&N Dec. 886, 889 (BIA 2006). "Regulations, like statutes, must be interpreted to give effect to the entire regulatory

---

[1] No contention has been raised in this case that the circumstances of the respondent's release did not conform to the regulations.

scheme." *Matter of C-W-L-*, 24 I&N Dec. 346, 348 (BIA 2007). However, the regulation that specifically addresses the issue at hand is controlling. *See Matter of Ponce De Leon*, 21 I&N Dec. 154, 158 (BIA 1996, 1997; A.G. 1997). We conclude that the regulation at 8 C.F.R. § 103.5a(c)(2)(ii) governs the service of notice on minors and that it only requires notice to be served on an adult when the minor is under 14 years of age.

Both the Fifth and the Eighth Circuits have decided that the regulatory provisions in question have different purposes and are not in conflict.[2] The Fifth Circuit noted that the release provision does not cross-reference or address the service of notice provision and stated that "it would be a strained analysis indeed that would resolve this issue by deciding not only that the provisions were inconsistent but that the more general release provision somehow negated the specific service provision despite making no reference to notification at all." *Lopez-Dubon v. Holder*, 609 F.3d 642, 646 (5th Cir. 2010), *cert. denied*, 79 U.S.L.W. 3329, 2011 WL 1529750 (U.S. Apr. 25, 2011) (No. 10-658). The court therefore affirmed our holding that notice must be served on an adult only for aliens under 14 years of age. *Id.* (citing *Matter of Ponce-Hernandez*, 22 I&N Dec. 784, 785 (BIA 1999)).

In *Llapa-Sinchi v. Mukasey*, 520 F.3d 897, 899 (8th Cir. 2008), the Eighth Circuit also deferred to our "reasonable interpretation" of the regulations in upholding our conclusion that notice was properly served on a 14-year-old alien pursuant to 8 C.F.R. § 103.5a(c)(2)(ii). The court identified a number of situations in which individuals under the age of 18 are responsible for their legal status and may waive their rights, noting that many State laws allow personal service of a summons on minors as young as 14 years old. *Id.* at 900; *see also United States v. Burrous*, 147 F.3d 111, 116 (2d Cir. 1998) (ruling that a 16-year-old defendant was able to waive his Fifth Amendment rights). Therefore the court found that "minors can be required to navigate through the justice system and make decisions affecting their rights," and it declined to adopt a per se rule that service to minors over the age of 14 alone is improper. *Llapa-Sinchi v. Mukasey*, 520 F.3d at 900. Furthermore, noting that it was not persuaded by the Ninth's Circuit's reasoning, the Eighth Circuit concluded that it did not find the regulations to be inconsistent.

---

[2] In deciding this issue, the courts addressed the service of notice provisions in 8 C.F.R. § 103.5a(c) and the release provisions that are currently in 8 C.F.R. §§ 236.3 and 1236.3, but which were previously codified at 8 C.F.R. § 242.24. *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,362 (Mar. 6, 1997).

We concur with the conclusions of the Fifth and Eighth Circuits. In particular, we find the following analysis by the Eighth Circuit to be persuasive:

> The purpose of the notice provision is to let individuals know the details of their legal proceedings.  The purpose of the release provision, however, is not to provide knowledge, but to provide assistance to minors in a foreign land, perhaps for the first time.  It is therefore logical for the regulations to provide that minors entering the country illegally can be responsible for receiving notice regarding their court proceedings and yet also provide that minors may need assistance from adults to obtain basic necessities.

*Llapa-Sinchi v. Mukasey*, 520 F.3d at 900-01.  We therefore conclude that personal service of a Notice to Appear on a minor who is 14 years of age or older at the time of service is effective, even though notice was not also served on an adult with responsibility for the minor.[3]  While nothing in the regulations or this decision precludes the Department of Homeland Security, as a matter of policy or practice, from also serving an adult when a minor is between the ages of 14 and 18, we agree with the Immigration Judge that service of the Notice to Appear on the respondent's step-father or another legal guardian was not required under the regulations.

The record reflects that the Notice to Appear was served personally on the respondent.  The document bears the respondent's signature and fingerprint to acknowledge his receipt. Furthermore, the Immigration Judge noted that the respondent was given oral notice in Spanish of the time and place of his hearing and of the consequences of his failure to appear.  Personal service of the Notice to Appear on the respondent and his acknowledgment of its receipt supports a finding that he was aware that he had been placed in removal proceedings.  *See* section 239(a)(1) of the Act; *see also Nolasco v. Holder*, Nos. 09-5206-ag, 10-2780-ag, 2011 WL 668035 (2d Cir. Feb. 25, 2011) (stating that due process is generally satisfied where an alien received notice of the required information in the Notice to Appear and had a meaningful opportunity to participate in the removal proceedings). We therefore conclude that the respondent failed to meet his burden of demonstrating that he did not receive proper notice of the hearing.  8 C.F.R. § 1003.23(b)(4)(ii).  Accordingly, the respondent's appeal will be dismissed.

   **ORDER:**  The appeal is dismissed.

---

[3] The Second Circuit has previously asked the Board to issue a published decision on this issue.  *See Llanos-Fernandez v. Mukasey*, 535 F.3d 79, 86 (2d Cir. 2008).  However, subsequent proceedings in that case rendered the issue moot.