# Matter of W-A-F-C-, Respondent

*Decided December 16, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where the Department of Homeland Security seeks to re-serve a respondent to effect proper service of a notice to appear that was defective under the regulatory requirements for serving minors under the age of 14, a continuance should be granted for that purpose. *Matter of E-S-I-*, 26 I&N Dec. 136 (BIA 2013), followed.

FOR RESPONDENT: Cecil C. Harrigan, Esquire, Washington, D.C.

FOR THE DEPARTMENT OF HOMELAND SECURITY: Nicholas J. Bolzman, Assistant Chief Counsel

BEFORE: Board Panel: GREER and KENDALL CLARK, Board Members; O'HERRON, Temporary Board Member.

GREER, Board Member:

In a decision dated March 21, 2016, an Immigration Judge terminated the removal proceedings against the minor respondent after determining that the Department of Homeland Security ("DHS") had not properly served him with the notice to appear. The DHS has appealed from that decision. Although the notice to appear was not served in accordance with the regulatory requirements for serving minors under the age of 14, we find that the DHS should have another opportunity to effect proper service. The decision of the Immigration Judge will therefore be vacated, the removal proceedings will be reinstated, and the record will be remanded to the Immigration Judge for further proceedings.

The respondent is a native and citizen of El Salvador who was 12 years old when he entered the United States on or about June 16, 2015. It was determined that he had entered as an "unaccompanied alien child." On the same day the respondent entered the country, the DHS issued a notice to appear, charging him with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2012), as an alien present in the United States without being admitted or paroled.

At a removal hearing on February 17, 2016, the respondent moved to terminate the proceedings, asserting that service of the notice to appear was deficient. The DHS opposed the respondent's motion. The Immigration

Judge granted the motion and terminated the proceedings after concluding that the DHS had not complied with the regulatory requirements for serving the notice to appear on a minor who is under the age of 14.

On appeal, the DHS does not dispute that its service of the notice to appear was deficient under the regulations. Instead, it argues that the Immigration Judge erred in terminating proceedings without first requiring the respondent to demonstrate that he was prejudiced by the manner in which the notice to appear was served. The DHS also contends that any defect in service was cured when it re-served the respondent's mother and counsel with the notice to appear. The respondent agrees with the Immigration Judge's decision to terminate proceedings.

It is undisputed that the DHS did not properly serve the notice to appear on the respondent, who was 12 years old when service was attempted. According to 8 C.F.R. § 103.8(c)(2)(ii) (2016), "[I]n the case of a minor under 14 years of age, service [of the notice to appear] shall be made upon the person with whom the . . . minor resides."[1] The DHS should therefore have served the notice to appear on the person with whom the respondent resided at the time of service.[2] *See id.*; *see also Matter of E-S-I-*, 26 I&N Dec. 136, 141 (BIA 2013) ("[I]f an alien is detained—in DHS custody or in any other type of institution—service on the head of the institution or his or her delegate satisfies the regulation."); *Matter of Amaya*, 21 I&N Dec. 583, 585 (BIA 1996) (finding that service "upon the director of the IES facility in which the [12-year-old] respondent was detained" complied with the regulatory requirement that "service shall be made upon the person with whom . . . the minor resides" (quoting 8 C.F.R. § 103.5a(c)(2)(ii) (1996))).

---

[1] The regulation further provides that "whenever possible, service shall also be made on the near relative, guardian, committee, or friend." 8 C.F.R. § 103.8(c)(2)(ii). With respect to minors served when they were between the ages of 14 and 18, the regulations do not require that the notice to appear also be served on an adult with responsibility for the minor. *See Matter of Cubor*, 25 I&N Dec. 470, 472−73 (BIA 2011). The United States Court of Appeals for the Ninth Circuit has held that if an alien under the age of 18 is released into the custody of an adult, the notice to appear should be served on that adult as well as the minor alien. *Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1157–62 (9th Cir. 2004). However, we declined to follow that ruling in *Matter of Cubor*, relying instead on the contrary decisions of other circuit courts. Moreover, this case involves the requirements for serving a minor under the age of 14 and arises within the jurisdiction of the Fourth Circuit.

[2] The Immigration Judge correctly noted that it is unclear on this record where the respondent resided when the DHS attempted service on June 16, 2015. The notice to appear does not list an address for the respondent, and a form from the Office of Refugee Resettlement in the Department of Health and Human Services merely reflects that the respondent was located at "IES Driscoll" when he was released from custody on July 8, 2015—several weeks after the notice to appear was allegedly served.

While the regulations do not explicitly require service on the parent or parents of an alien in all circumstances, they do require such service, if possible, "when it appears that the minor child will be residing with her parents in this country." *Matter of Mejia-Andino*, 23 I&N Dec. 533, 536 (BIA 2002). In this case, there is no signature on the notice to appear reflecting that service was made on either the respondent or another person. Because the DHS's service of the notice to appear was deficient, the question before us is whether it should have another opportunity to effect proper service. The DHS asserts that the Immigration Judge's decision does not recognize that it cured the defective service by mailing a copy of the notice to appear to the respondent's counsel and mother in February 2016—2 days after the respondent first raised the issue of improper service.

The respondent does not address whether his mother or his counsel received the notice to appear in his appellate brief. However, the record reflects that the DHS offered to personally serve the respondent's parent at his removal hearing in February 2016. Because the DHS made requests and efforts to re-serve the notice to appear and the respondent appeared with counsel at both of his master calendar hearings, this case is distinguishable from *Matter of Mejia-Andino*. That decision involved service of the notice to appear on a 7-year-old minor who did not appear at two hearings. We upheld the Immigration Judge's termination of proceedings because there was no indication that the DHS made any effort to serve the notice to appear on the respondent's parents, who apparently lived in the United States. *Matter of Mejia-Andino*, 23 I&N Dec. at 535−37.

Considering the circumstances of this case, we conclude that the Immigration Judge should have granted a continuance to give the DHS an opportunity to effect proper service. In *Matter of E-S-I-*, 26 I&N Dec. at 145, which addressed the requirements for service on individuals who lack mental competency, we stated that "[i]f the DHS did not properly serve the respondent where indicia of incompetency were either manifest or arose during a master calendar hearing that was held shortly after service of the notice to appear, the Immigration Judge should grant a continuance to give the DHS time to effect proper service." The Immigration Judge in this case distinguished *Matter of E-S-I-* because, at the time of service, the DHS knew the respondent's age, which is not a "variable condition" like competency. *Matter of E-S-I-*, 26 I&N Dec. at 144. He therefore decided that the DHS should not be afforded an opportunity to re-serve the notice to appear on the respondent.

We are unpersuaded by this reasoning. In *Matter of E-S-I-* we noted that the DHS was aware of indicia of the respondent's incompetency at the time of service since the respondent in that case had been transferred into

DHS custody from a psychiatric hospital. *Id.* at 137, 144–45. We nevertheless held that remand was warranted because proper service had not been established, stating that the Immigration Judge should grant the DHS a continuance to properly serve the respondent on remand, if appropriate. *Id.* at 145–46; *see also Matter of Hernandez*, 21 I&N Dec. 224, 228 (BIA 1996) (holding that an Immigration Judge can and should take corrective action short of termination when the Government violates its regulations regarding service of the charging document). *See generally Matter of M-J-K-*, 26 I&N Dec. 773, 777–78 (BIA 2016) (discussing continuances for service of the notice to appear under *Matter of E-S-I-*).

Considering the circumstances in this case, we conclude that the DHS should be afforded another opportunity to effect proper service under *Matter of E-S-I-*. We will therefore vacate the Immigration Judge's decision, reinstate the removal proceedings, and remand the record to the Immigration Judge. On remand, the Immigration Judge should assess whether the DHS re-served the notice to appear in accordance with 8 C.F.R. § 103.8(c)(2)(ii) and, if warranted, determine whether the DHS should be permitted to re-serve the notice to appear.[3]

**ORDER:** The decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[3] Given our disposition of this case, we need not reach the DHS's argument that the improper service of the notice to appear did not prejudice the respondent.