Gomez-Garcia v. Garland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-three.

PRESENT:

AMALYA L. KEARSE,
MICHAEL H. PARK,
ALISON J. NATHAN,
*Circuit Judges.*

_____

Jorge Estuardo Gomez-Garcia,

*Petitioner*,

v.                                                                19-4089

Merrick B. Garland,
United States Attorney General,

*Respondent.**

_____

FOR PETITIONER:                    Randy Olen, Providence, R.I.

FOR RESPONDENT:                 Jeffrey Bossert Clark, Acting Assistant Attorney General; Carl H. McIntyre, Assistant Director; Justin R. Markel, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

---

* The Clerk of Court is respectfully directed to amend the caption accordingly.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this petition for review of the Board of Immigration Appeals ("BIA") decision is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** to the BIA for further proceedings.

In November 1996, Gomez-Garcia, a then-15-year-old native and citizen of Guatemala, entered the United States without inspection. Gomez-Garcia was found in Kansas, placed in deportation proceedings, and released into the custody of his uncle, Oscar Daniel Flores. Flores provided his address in Connecticut where Gomez-Garcia would be staying. The immigration court mailed notices of Gomez-Garcia's deportation hearing to that address in May 1997, November 1997, and January 1998. Two of the notices were addressed to Gomez-Garcia and the third was addressed to Gomez-Garcia in the care of "Oscar Daniel Fores [sic]." All three notices were returned as unclaimed. Gomez-Garcia and his uncle had moved before the notices were sent and had not filed a change-of-address form with the immigration court. Flores had filed a change-of-address notice with the post office; but the first two notices mailed by the immigration court were addressed only to Gomez-Garcia and were not sent in the care of Flores; and the third notice, in its "in care of" line misspelled Flores's name. Gomez-Garcia did not appear at his April 1998 hearing and was ordered removed to Mexico or Guatemala in absentia. In 2018, Gomez-Garcia moved to rescind his deportation order. An Immigration Judge ("IJ") denied his motion and the BIA dismissed Gomez-Garcia's appeal of the IJ's denial. Gomez-Garcia now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review questions of law and the application of law to undisputed facts de novo. *See Padmore v. Holder*, 609 F.3d 62, 67 (2d Cir. 2010). We review the BIA's decision to deny a motion to reopen proceedings for abuse of discretion. *Bhanot v. Chertoff*, 474 F.3d 71, 73 (2d Cir. 2007).

As relevant here, the BIA found that Gomez-Garcia was not eligible for rescission of his in absentia deportation order because he had received proper notice of his deportation hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). First, the BIA reasoned that Gomez-Garcia was in constructive receipt of the deportation hearing notices because they were sent to his "last known address and he failed to provide the court with his current address." Certified Admin. Record at 4 (citing *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006)). Second, the BIA concluded that the notices were proper, despite being addressed to Gomez-Garcia directly and not to his adult custodian, because Gomez-Garcia was at least fourteen years old at the time. The BIA relied on *Matter of Cubor-Cruz*, 25 I. & N. Dec. 470 (B.I.A. 2011), which held that 8 C.F.R. § 103.5a(c)(2)(ii) (now codified at 8 C.F.R. § 103.8(c)(2)(ii)) "governs the service of notice on minors" and "only requires notice to be served on an adult when the minor is under 14 years of age." *Id.* at 472.

The BIA did not analyze, however, whether *Maghradze* or *Matter of Cubor-Cruz* should apply given the particular facts of this case. Unlike the petitioner in *Maghradze*, Gomez-Garcia was a minor when he was held to be in constructive possession of the mailed notice. And unlike the petitioner in *Matter of Cubor-Cruz* who was "served in person with a Notice to Appear," 25 I. & N. Dec. at 471, it appears that Gomez-Garcia did not receive actual notice of his hearing date,

3

time, or location, but was deemed to be in constructive notice of the information because the hearing notices were sent to his last known address. In addition, as the government points out, the record is not clear whether Gomez-Garcia's uncle was notified of Gomez-Garcia's obligation to update immigration authorities of any change to the address he had provided. *See* Resp. Supp. Br. at 4 n.4. In light of these circumstances, we remand to the BIA for further fact-finding and to consider in the first instance whether *Maghradze* and *Matter of Cubor-Cruz* apply here, and if so, whether such an application would raise due process concerns.

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** to the BIA for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4