09-5206-ag, 10-2780-ag
*Nolcasco v. Holder*
BIA
Straus, IJ
A99 471 824

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2010
(Argued:  February 7, 2011;  Decided: February 25,2011)
Docket Nos. 09-5206-ag, 10-2780-ag

_____

ROSELIA LAZARO NOLASCO,[*]

*Petitioner*,

*-v.-*

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent*.

_____

BEFORE:      JACOBS, *Chief Judge*, HALL, *Circuit Judge*,
             SCHEINDLIN, *District Judge*.[*]

_____

---

[*] Although Petitioner is identified as Beatrice Magana-Gallejo throughout all of the underlying proceedings, Petitioner states in her brief that her real name is Roselia Lazaro Nolasco.  The Clerk of the Court is directed to amend the official caption accordingly.

[*] Judge Shira A. Scheindlin of the United States District Court for the Southern District of New York, sitting by designation.

1

Petition for review of a decision of the Board of Immigration Appeals denying Petitioner's motion to reconsider the Board's prior affirmance of the immigration judge's denial of Petitioner's application for asylum and withholding of removal. Petitioner argues that the Board and the immigration judge lacked jurisdiction to adjudicate her removal proceeding because service of her Notice to Appear was inconsistent with 8 C.F.R. §§ 103.5a(c)(2)(ii). We conclude that the agency's failure to make proper service under the circumstances in this case did not implicate Petitioner's fundamental rights, and Petitioner was not prejudiced by the agency's actions. PETITION FOR REVIEW DENIED.

_____

MICHAEL J. BOYLE, North Haven, Connecticut, *for Petitioner*.

SARAH VUONG, Trial Attorney (Tony West, Assistant Attorney General, Emily Anne Radford, Assistant Director, Jesse D. Lorenz, Trial Attorney, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., *for Respondent*.

_____

PER CURIAM:

Petition for review of a decision of the Board of Immigration Appeals denying Petitioner's motion to reconsider the Board's prior affirmance of the immigration judge's denial of Petitioner's application for asylum and withholding of removal. Petitioner argues that the Board and the immigration judge lacked jurisdiction to adjudicate her removal proceeding because service of her Notice to Appear was inconsistent with 8 C.F.R. §§ 103.5a(c)(2)(ii). We conclude that the agency's failure to make proper service under the circumstances in this case did not implicate Petitioner's fundamental rights, and Petitioner was not prejudiced by the agency's actions. PETITION FOR REVIEW DENIED.

Petitioner has also filed a petition for review (Docket No. 09-5206-ag) of a decision of the BIA affirming the immigration judge's denial of Petitioner's application for asylum and withholding of removal. Because Petitioner does not challenge that decision in her brief on appeal, we deem any such challenge waived and DENY that petition on this basis. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n.7 (2d Cir. 2005) (holding that where petitioner devoted only a

3

"single conclusory sentence" to the argument that he had demonstrated a well-founded fear of persecution, that claim was waived); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Our opinion is therefore limited to the petition for review of the Board's denial of Petitioner's motion to reconsider.

## BACKGROUND

On April 13, 2006, Petitioner Roselia Lazaro Nolasco, a native and citizen of El Salvador, was served with a Notice to Appear ("NTA") while in Department of Homeland Security ("DHS") custody. The NTA alleged that she entered the United States two days earlier in Arizona and was present in the United States without having been admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). It is undisputed that Petitioner was nine years old at the time of service. Petitioner was released from custody the following day, and on April 20, her father filed a change of address form and successfully moved on her behalf to change venue to Hartford, Connecticut. In November 2006, Petitioner appeared before the immigration judge accompanied by counsel and her parents. Through counsel, she admitted the allegations in the NTA, conceded removability as charged, and

4

filed an application for asylum and withholding of removal. Although there was extensive discussion of Petitioner's youth, neither the Immigration Judge nor the lawyers for Petitioner and Respondent raised the issue of whether service of the NTA was proper and whether the court had jurisdiction to hear the case. In March 2008, following a merits hearing (at which Petitioner's father testified), the immigration judge denied Petitioner's asylum application and ordered her removed to El Salvador; the Board of Immigration Appeals ("BIA") summarily affirmed that decision without opinion. *See In re Beatrice Magana-Gallejo*, No. A099 471 824 (B.I.A. Nov. 18, 2009), *aff'g* No. 099 471 824 (Immig. Ct. Hartford, CT, Mar. 3, 2008).

In December 2009, Petitioner filed a motion for reconsideration before the BIA, arguing for the first time that both the BIA and the immigration judge lacked jurisdiction over her removal proceedings because her NTA was served improperly. She asserted that because she was a minor at the time of service, DHS was obligated under 8 C.F.R. § 103.5a(c)(2)(ii) to effect service simultaneously on her parents or a legal guardian, and that the agency's failure to comply with this regulation warranted termination of her removal proceedings. The BIA denied her motion. *See In re Beatrice Magana-Gallejo*, No. A099 471 824 (B.I.A. Jun. 11, 2010). It concluded that, because Petitioner was represented by counsel and accompanied by her parents at her

removal proceedings, none of her fundamental rights were violated by any technical defect in service. *Id.* Petitioner now seeks review of that decision.

## DISCUSSION

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). As a preliminary matter, because Petitioner conceded her removability as charged before the immigration court and did not raise the issue of improper service in those proceedings or on appeal before the BIA (other than in her motion to reconsider), she has arguably waived any claim that the agency lacked jurisdiction based on any defect in service of the NTA. *See Qureshi v. Gonzales*, 442 F.3d 985, 990 (7th Cir. 2006) ("When a petitioner expressly concedes his removability as charged in the NTA, he waives any objection to the IJ's finding of removability, including the argument that the IJ lacked jurisdiction to find him removable."). Nevertheless, we exercise our discretion and consider Petitioner's claim on the merits because it raises an important issue as yet unaddressed by this Court — namely, whether service of the NTA violates a fundamental right when it is only effectuated upon a minor. *Cf. In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008)(per curiam)("[O]ur waiver doctrine is entirely prudential.").

6

Section 1229 of Title 8 of the United States Code, which governs the initiation of removal proceedings, provides in relevant part that "written notice (in this section referred to as a 'notice to appear') shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." 8 U.S.C. § 1229(a)(1). Although the statute is silent with respect to service on minors, corresponding regulations state that when effecting service on a minor (*i.e.*, an alien under 14 years of age), "service shall be made upon the person with whom . . . the minor resides," and "whenever possible, service shall also be made on the near relative, guardian, committee, or friend." 8 C.F.R. § 103.5a(c)(2)(ii); *see* 8 C.F.R. § 236.2(a) (mandating that service of an NTA on a minor shall be effected in the manner prescribed by § 103.5a(c)(2)). Petitioner was not living with anyone at the relevant moment; but it does appear that service on her parents may have been possible by some means. In any event, the Government effectively concedes that DHS failed to comply with this regulation because it only served the NTA on Petitioner, a nine year-old child.

Where the agency fails to follow its own regulations, we will remand to invalidate the challenged proceeding only where the alien demonstrates "prejudice to the rights sought to be protected by the subject regulation," or where the "regulation

7

[at issue] is promulgated to protect a fundamental right derived from the Constitution or a federal statute." *Waldron v. I.N.S.* 17 F.3d 511, 518 (2d Cir. 1993); *accord Ali v. Mukasey*, 524 F.3d 145, 149 (2d Cir. 2008). The issue presented by this petition is whether deficient service of a NTA under 8 C.F.R. § 103.5a(c)(2)(ii) implicates a minor alien's fundamental rights and, if it does not, whether DHS's actions in this case caused Petitioner prejudice. We answer both questions in the negative.

"It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings," *Reno v. Flores*, 507 U.S. 292, 306 (1993). "At the core of due process is the right to notice of the nature of the charges and a meaningful opportunity to be heard." *Brown v. Ashcroft*, 360 F.3d 346, 350 (2d Cir. 2004) (internal quotation marks omitted); *see Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006)("'Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.'" (quoting *Capric v. Ashcroft*, 355 F.3d 1075, 1087 (7th Cir. 2004)). "Congress, in enacting the immigration laws, has codified these rights by requiring that a Notice to Appear be served upon aliens in removal proceedings," *Brown*, 360 F.3d at 351, and under 8 U.S.C. § 1229(a)(1), an NTA shall specify, *inter alia*, the "nature of the proceedings against the alien," the "time and place at which the proceedings will be held," the "acts

8

or conduct alleged to be in violation of law," the "charges against the alien and the statutory provisions alleged to have been violated," and shall inform the alien that she may be represented by counsel.  Thus, in most instances, if an alien receives notice of this information and a meaningful opportunity to participate in her removal proceedings, due process is satisfied.  *See Pierre v. Holder*, 588 F.3d 767, 777 (2d Cir. 2009) (the "core" due process right in immigration proceedings is "notice and an opportunity to be heard"); *see also Chase Group Alliance LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010) ("'An essential principle of due process is that a deprivation of . . . liberty . . . be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)).

It is undisputed that DHS served Petitioner with a copy of the NTA, that the NTA comported with the requirements of 8 U.S.C. §1229(a)(1), and that within a week of being served, Petitioner's father filed a change of address form and a motion to change venue.  There is no question, therefore, that Petitioner's parents were aware she had been placed in removal proceedings.  Indeed, they took affirmative steps to transfer her proceedings to Connecticut where they resided.  In addition, Petitioner's parents hired counsel and timely appeared along with Petitioner

9

and her attorney at the initial hearing before the immigration judge, where, through counsel, Petitioner admitted the allegations in the NTA and conceded removability as charged. Petitioner also sought relief before the immigration judge by filing an asylum application, and after a full merits hearing, her application was denied and the immigration judge ordered her removed.

We have no difficulty concluding that on these facts, Petitioner was afforded due process. She was aware of the nature of the immigration proceedings and the time and place when those proceedings would be held; she was informed of the Government's allegations against her and the statutory violations which she was alleged to have committed; she was advised that she could be represented by counsel and, indeed, counsel appeared on her behalf; she appeared before the immigration judge and was granted a full opportunity to pursue relief from removal. *See Pierre*, 588 F.3d at 777; *Li Hua Lin*, 453 F.3d at 104-05.

Petitioner argues nonetheless that she was denied a fundamental right because DHS did not effect service of the NTA in a manner consistent with 8 C.F.R. § 103.5a(c)(2)(ii). She is mistaken. "'[T]he purpose of requiring service of a notice to appear on the person with whom a minor respondent resides [is] to direct service of the charging document upon the person . . . most likely to be responsible for ensuring that an alien appears

10

before the Immigration Court at the scheduled time.'" *Llanos-Fernandez v. Mukasey*, 535 F.3d 79, 85 (2d Cir. 2008)(quoting *In re Mejia-Andino*, 23 I. & N. Dec. 533, 536 (BIA 2002)). In this respect, the regulation is designed to increase the probability that a minor, like any adult alien, has notice of the charges filed against her and thus may appear before the immigration court and participate in the proceedings.

However, to the extent 8 C.F.R. § 103.5a(c)(2)(ii) implicates a due process right, that right is to receive notice provided for in the NTA. And where it is clear that the minor alien received such notice, she has no due process claim, regardless of any technical defect in the manner in which the NTA has been served. Put differently, if DHS fails to make proper service on a minor alien under § 103.5a(c)(2)(ii) and that defect in service prevents the minor from receiving notice of the NTA and a meaningful opportunity to participate in her removal proceedings, that *could* implicate the minor alien's fundamental rights. But a defect in service, standing alone, does not. Here, the record is replete with proof that both Petitioner and her parents received actual notice of the contents of the NTA and were afforded a full and fair hearing before the immigration judge. There is no question, therefore, that Petitioner was afforded due process. DHS's failure to make proper service did not implicate her fundamental rights.

11

We hasten to add, however, that our holding in this case should not be construed as rendering superfluous DHS's obligation under 8 C.F.R. § 103.5a(c)(2)(ii) to effect service of a NTA upon the adult with whom a minor alien resides. There may well be instances in which DHS's failure to comply with 8 C.F.R. § 103.5a(c)(2)(ii) results in a lack of notice or the denial of a meaningful opportunity to be heard such that the minor alien's due process rights are violated; for example, when DHS's failure to make proper service of a NTA culminates in the entry of an *in abstentia* removal order. *See In re Mejia-Andino*, 23 I. & N. Dec. 533 (B.I.A. 2002)(vacating a removal order where minor's parents never received notice of a hearing). Plainly, this did not occur here.

Because Petitioner cannot demonstrate that DHS's error implicated a fundamental right, under *Waldron*, 17 F.3d at 518, remand is warranted only if the defect in service caused Petitioner prejudice. For the reasons already identified, Petitioner cannot make this showing because the record indicates that her parents received actual notice of the NTA, and we find no evidence to suggest that DHS's failure to comply with 8 C.F.R. § 103.5a(c)(2)(ii) had any adverse effect on Petitioner's ability to answer the Government's charges.

We conclude, therefore, that the BIA did not abuse its discretion by denying Petitioner's motion to reconsider.

## CONCLUSION

The petition for review is DENIED.

12