09-2107-ag (L); 10-1496-ag (Con)
Singh v. Holder

BIA
A070 552 838

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand eleven.

PRESENT:
ROBERT A. KATZMANN,
RICHARD C. WESLEY,
GERARD E. LYNCH,
    *Circuit Judges*.

_____

SATWINDER SINGH,
    *Petitioner*,

    v.                                    09-2107-ag(L);
                                          10-1496-ag(Con)
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:        Theodore N. Cox, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Shelley R. Goad, Assistant
                       Director; Nancy K. Canter, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Satwinder Singh, a native and citizen of India, seeks review of a May 6, 2009 order of the BIA denying his motion to reopen and a March 29, 2010 order of the BIA denying his motions to terminate, reconsider, and reopen his proceedings. *In re Satwinder Singh*, No. A070 552 838 (B.I.A. May 6, 2009), *In re Satwinder Singh*, No. A070 552 838 (B.I.A. Mar. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). It is undisputed that Singh's 2009 motion to reopen was untimely, as the BIA issued the final administrative decision in the removal proceeding sought to be reopened in 2002, and number-barred, as it was his fourth motion to reopen. 8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(A), (C). Although the time and number limitations may be excused to accommodate claims of ineffective assistance of counsel, *see Jin Bo Zhao v. INS*,

2

452 F.3d 154, 159-60 (2d Cir. 2006) (per curiam); *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006), we conclude that the BIA did not abuse its discretion in denying the motion to reopen based on its determination that Singh failed to demonstrate that he exercised due diligence in vindicating his rights during the entire period for which he seeks equitable tolling. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

As the agency noted, Singh has never indicated with any specificity when he learned of his former counsels' alleged ineffective assistance, and does not clearly explain what steps he took in pursuing his case from 2002 until 2006. In addition, the agency correctly observed that the record contains contradictory indications as to when Singh first learned of the BIA's November 27, 2006 decision denying his motion to reopen, and it is undisputed that Singh did not act to pursue his case between June 2008, when his former counsel wrote a letter to the Department of Homeland Security referencing the BIA's November 2006 decision, and February 2009, when Singh was arrested. The BIA did not abuse its discretion in concluding, based on this unclear record, that Singh failed to demonstrate that he acted with sufficient diligence for the entire period between October

3

2002, when his first motion to reopen would have been due following the BIA's July 2002 affirmance of the denial of Singh's asylum application, and March 2009, when Singh's present counsel moved to reopen based on the alleged ineffective assistance of prior counsel. *See id.* (requiring petitioner to exercise due diligence both before and after he has, or should have, discovered the ineffective assistance and holding that the BIA did not abuse its discretion in finding that a delay of 14 months, in the circumstances of that case, demonstrated a lack of diligence); *Cekic*, 435 F.3d at 171-72 (affirming the BIA's denial of petitioners' motion to reopen based on ineffective assistance of counsel when petitioners failed to present any evidence or indication that they were diligent during two of the years they wished to toll).

Next, we find to be without merit Singh's argument that the BIA erred by refusing to reconsider its May 2009 denial of reopening because that decision was based on the vacated decision in *Matter of Compean*, 24 I. & N. Dec. 710 (A.G. 2009), *see Matter of Compean*, 25 I. & N. Dec. 1, 3 (A.G. 2009) (vacating the Attorney General's prior decision). The BIA correctly held that the decisions in *Compean* did not affect a petitioner's burden of demonstrating due diligence

4

during the entire period sought to be tolled. *See Rashid,* 533 F.3d at 132.

Singh's challenge to the BIA's denial of his motion to terminate is likewise without merit. Singh contends that his Notice to Appear ("NTA") should be cancelled pursuant to 8 C.F.R. § 239.2 because it was improvidently issued, in that it incorrectly charges that Singh was not admitted or paroled after inspection by an immigration officer, when Singh had in fact been paroled into the United States. However, at his initial hearing before the Immigration Judge, Singh admitted to the government's factual allegations and conceded his removability as an alien admitted without inspection. This concession arguably waives any challenge based on an alleged defect in the NTA. *See Nolasco v. Holder*, --- F.3d ---, 2011 WL 668035, at *2 (2d Cir. Feb. 25, 2011). In any event, Singh has failed to establish that any inaccuracy in the NTA would require cancellation of that notice. While an NTA must list, *inter alia*, "[t]he charges against the alien and the statutory provisions alleged to have been violated," 8 U.S.C. § 1229(a)(1)(D), it does not follow that the NTA must be withdrawn as improvidently issued merely because the alien contests the allegations of removability. Rather, to the

5

extent the alien takes issue with the allegations of removability contained in the NTA, that issue may be pursued during the removal proceedings. *See* 8 U.S.C. § 1229a(c). Moreover, Singh identifies no prejudice arising from this alleged defect in the NTA, as Singh concedes that he is otherwise removable, and the agency has not denied any application for adjustment of status by reason of Singh's alleged entry without inspection. In these circumstances, we detect no error in the BIA's denial of the motion to terminate.

Finally, we lack jurisdiction to review the BIA's decision not to reopen Singh's case *sua sponte* under 8 C.F.R. § 1003.2(a). *See Ali v. Gonzales*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk