Periyathamby v. Holder

BIA
Sagerman, IJ
A089 193 597

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges*.

_____

QUINTEN BRYAN SATHEES PERIYATHAMBY,
> *Petitioner*,

v.                                              11-1640
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:         Visuvanathan Rudrakumaran, New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Nancy K. Canter, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Quinten Bryan Sathees Periyathamby, a native and citizen of Sri Lanka, seeks review of a March 29, 2011, decision of the BIA affirming the October 21, 2010, decision of Immigration Judge ("IJ") Roger Sagerman, which denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Quinten Bryan Sathees Periyathamby*, No. A089 193 597 (B.I.A. Mar. 29, 2011), *aff'g* No. A089 193 597 (Immig. Ct. Napanoch Oct. 21, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We generally lack jurisdiction to review the removal order of an alien who was found removable by reason of having committed an aggravated felony. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1252(a)(2)(C). We do, however, retain jurisdiction to review colorable constitutional claims or questions of law, such as an IJ's determination that an alien is statutorily ineligible for relief from removal. *See id.* § 1252(a)(2)(D); *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005).

At the outset, we note that because Periyathamby does not challenge on appeal the agency's conclusion that he committed the aggravated felony of first-degree sexual abuse by forcible compulsion, *see* N.Y. Penal Law § 130.65(1), any such argument is deemed abandoned, *see Nolasco v. Holder*, 637 F.3d 159, 161 (2d Cir. 2011). Insofar as Periyathamby contends that the IJ committed legal error by failing to consider the factors set forth in *In re Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), in finding that his sexual assault conviction constituted a "particularly serious crime" disqualifying him from withholding of removal, 8 U.S.C. § 1231(b)(3)(B)(ii), that argument is without merit because the agency expressly considered the *Frentescu* factors.

Periyathamby similarly fails to raise a meritorious constitutional claim or question of law regarding the denial of CAT relief. Although we possess jurisdiction to consider his argument that the agency erred in failing to recognize that, under the doctrine of *res judicata*, his previous grant of asylum conclusively establishes his eligibility for CAT relief, the argument is frivolous because the requirements for CAT relief are different from, and in some respects more stringent than, those for asylum. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 184-85 (2d Cir. 2004) ("Because the CAT inquiry is independent of the asylum analysis . . . the BIA's decision with respect to an alien's claims for asylum and withholding of removal pursuant to the INA should never, in itself, be determinative of the alien's CAT claim.").

Moreover, while we have not expressly held that § 1252(a)(2)(C)'s jurisdictional bar applies to claims of deferral of removal under the CAT, *see De La Rosa v. Holder*, 598 F.3d 103, 107 (2d Cir. 2010), our court repeatedly has assumed that the jurisdictional bar indeed applies to such claims, *see, e.g.*, *Savchuk v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008); *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007); *Maiwand v. Gonzales*, 501 F.3d 101, 105 (2d Cir.

4

2007).  Accordingly, Periyathamby's arguments relating to the weighing of evidence demonstrating his eligibility for deferral of removal, which "essentially dispute the correctness of [the] IJ's fact-finding," are barred from further review for lack of jurisdiction.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

In any event, to the extent we may consider the issue, *see Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006) (reiterating that we may assume statutory, but not constitutional, jurisdiction to evaluate merits where jurisdictional issues are complex and claims are meritless), we conclude that the agency's determination that Periyathamby failed to show a likelihood that he would be tortured or killed by Sri Lankan forces upon a return to that country is supported by substantial record evidence. The 2009 U.S. State Department Report on the Recent Conflict in Sri Lanka and the 2009 State Department Human Rights Report state that the Sri Lankan government inadvertently killed Tamil civilians during its conflict with the LTTE, but note that the conflict ended in May 2009.  While the Sri Lankan government has effectively curtailed access to aid in its efforts to screen Tamil refugees for LTTE rebels, the IJ reasonably found that this discrimination does not rise to

5

the level of torture.  *See* 8 C.F.R. § 208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."); *Pierre v. Gonzales*, 502 F.3d at 118 (holding that "torture" requires a specific intent to torture).  Furthermore, Periyathamby testified that he was slapped and threatened by members of the navy, but that he was able to safely reside in another part of Sri Lanka for over two months, and that his mother and sister remained in Sri Lanka without incident.  Because Periyathamby did not suffer torture at the hands of the navy and could safely relocate within Sri Lanka, the IJ reasonably found that his claims did not demonstrate a likelihood that he would be subject to torture if he were removed to Sri Lanka.  *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004) (noting that CAT relief is available only when torture is more than likely); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where alien's similarly situated mother and daughters continued to live in alien's native country, claim of future fear of harm was diminished); *see also Matter of J-F-F-*, 23 I. & N. Dec. 912 (AG 2006) (denying deferral of removal due to speculative nature of petitioner's claim).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk