Perez-Saurez v. Lynch

BIA
Straus, IJ
A075 204 658

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fifteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PETER W. HALL,
> > *Circuit Judges.*

_____

WILSON PEREZ-SAUREZ,
> *Petitioner,*

> v.                                          14-2157
>                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Brianne
                         Whelan Cohen, Senior Litigation
                         Counsel; Mona Maria Yousif, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wilson Perez-Saurez, a native and citizen of Ecuador, seeks review of a May 29, 2014, decision of the BIA affirming an October 24, 2012, decision of an Immigration Judge ("IJ") denying Perez-Saurez's motion to rescind his *in absentia* removal order. *In re Wilson Perez-Saurez,* No. A075 204 658 (B.I.A. May 29, 2014), *aff'g* No. A075 204 658 (Immig. Ct. Hartford Oct. 24, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a motion to rescind an *in absentia* removal order for abuse of discretion. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

An alien will be ordered removed *in absentia* if he does not attend his removal hearing. 8 U.S.C. § 1229a(b)(5)(A). However, an *in absentia* removal order may be rescinded at any time if the alien demonstrates that he did not receive notice. 8 U.S.C. § 1229a(b)(5)(C). Perez-Saurez moved to reopen and rescind his *in absentia* order fourteen years after it was entered, contending that he did not receive notice of his hearing. The agency did not abuse its discretion in denying that motion.

Pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii), for rescission due to lack of notice, a movant must demonstrate that he did not receive notice in accordance with 8 U.S.C. § 1229(a)(2). Section 1229(a)(2)(A) requires notice of hearing in person, or, when in-person service is not practicable, service by mail. Service by mail is sufficient if there is proof of attempted delivery to the last address provided by the alien. 8 U.S.C. § 1229(c). If the Government establishes that notice was properly sent to the alien, a rebuttable presumption of receipt applies. *Alrefae*, 471 F.3d at 358-59.

Perez-Saurez conceded that hearing notice was mailed to the address that the immigration court had on file, but argued that

3

he rebutted the presumption of receipt because he had not provided the address on file and had never lived there. However, Perez-Saurez filed two change of venue motions, both of which listed the address to which the notice of hearing was mailed and were signed by him; so, he did, in fact, provide the mailing address. He cannot rebut the presumption of receipt based on his own efforts to thwart delivery by not living at the address he provided. *See Maghradze v. Gonzales*, 462 F.3d 150, 153-54 (2d Cir. 2006). The agency therefore did not abuse its discretion in denying the motion to rescind.

Perez-Saurez does not deny that he received notice of his hearing date. Instead, he argues that the initial charging document, the Notice to Appear ("NTA"), was not properly served because he was 17 years old at the time of service. As the Government asserts, Perez-Saurez did not exhaust this argument. *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004). Because Perez-Saurez did not raise this issue before the BIA, and the Government has raised the failure to exhaust, we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007).

Perez-Saurez argues that the BIA addressed the issue of

4

service of the NTA and thus we can consider it even if it was not properly exhausted. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296-97 (2d Cir. 2006) (holding that failure to exhaust is excused where BIA considered a claim). However, the BIA did not discuss the regulation allowing for service on a minor older than 14 when the agency considered whether the *in absentia* removal order should be rescinded: it discussed only the alleged non-receipt of the hearing notice warranted rescission.

The background section of the BIA order recited that Perez-Saurez was served with an NTA and cited a case for the proposition that service of an NTA on a minor older than 14 was proper. However, the BIA did not rely on, or even consider, that case or the relevant regulation when declining to reopen proceedings. Because the BIA had already held that the regulation was proper, it had no reason to consider that issue sua sponte, and did not do so. It cited the precedential decision; it did not address the merits of that decision, which is the issue raised for the first time here. *See Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir. 2004) ("[A]t least one of the purposes served by the exhaustion requirement . . . is to

ensure that . . . the agency responsible for construing and applying the immigration laws and implementing regulations[] has had a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court."). We conclude that there is no reason to deviate from the exhaustion requirement in this case. Even assuming that service was improper, the record shows that both Perez-Saurez and the adult to whose custody he was released received notice sufficient to satisfy due process. *See Nolasco v. Holder*, 637 F.3d 159, 164 (2d Cir. 2011).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6