14-3434 (L)
Singh v. Lynch

BIA
Nelson, IJ
A089 714 653

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of January, two thousand sixteen.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

HARMESH SINGH,
        *Petitioner,*

        v.                                    14-3434(L),
                                              15-507(Con)
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights, New
                         York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; John S.
                         Hogan, Assistant Director; Lindsay
                         Corliss, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Harmesh Singh, a native and citizen of India, seeks review of an August 29, 2014, decision of the BIA affirming a September 25, 2012, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harmesh Singh,* No. A089 714 653 (B.I.A. Aug. 29, 2014), *aff'g* No. A089 714 653 (Immig. Ct. N.Y. City Sept. 25, 2012). He also seeks review of the BIA's January 23, 2015, denial of his motion to reconsider or reopen. *In re Harmesh Singh*, No. A089 714 653 (B.I.A. Jan. 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As to the denial of asylum and other relief, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of

2

review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies between the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 166.

Substantial evidence supports the adverse credibility determination.  The IJ reasonably relied on inconsistencies between Singh's testimony and his documentary evidence.  The letter Singh submitted, from a nursing home where he was treated after his second alleged beating by police, stated that he was comatose, but Singh did not mention any such severe injury. This failure to discuss the serious nature of his injuries is

3

particularly damaging to his credibility. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

Singh's documentary evidence differed from his testimony in other ways that further called into question whether he was a political activist who had been targeted by the police and the opposition party. His wife's letter explained that she was being harassed by police, but Singh testified that his wife and children were safe in India. Further, his wife wrote that Singh was arrested "so many times" in India, while Singh testified that he was arrested only twice; the IJ found that "so many times" meant more than twice, and a reasonable fact-finder would not be compelled to accept Singh's argument to the contrary. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005); *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).

The IJ also reasonably gave limited weight to Singh's additional documentary evidence, as the letters omitted material information, were not properly authenticated, or were prepared by parties unavailable for cross-examination. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Accordingly, given that the inconsistencies call into question

4

the main allegations of past harm, substantial evidence supports the agency's adverse credibility determination, which is dispositive of asylum, withholding of removal, and CAT relief, because all three claims relied on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

We also deny the second petition, reviewing the BIA's denial of reconsideration and reopening for abuse of discretion. *Nolasco v. Holder*, 637 F.3d 159, 162 (2d Cir. 2011) (reconsideration); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (reopening).

To the extent Singh requested reconsideration, he disputed the IJ's adverse credibility determination by arguing that the IJ could have interpreted the record differently. As the BIA's review is limited to a determination of whether factual findings are clearly erroneous, the BIA did not abuse its discretion by denying reconsideration. It is not permitted to reweigh or reinterpret the facts. *See* 8 C.F.R. § 1003.1(d)(3)(i).

To the extent that Singh's motion requested reopening, he asserted that the Bharitya Janata Party's victory in the national elections of 2014 established changed country

conditions, and resulted in increased police harassment of his wife. However, Singh did not meaningfully rebut the underlying adverse credibility determination, and accordingly the agency did not abuse its discretion in refusing to reopen proceedings. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007).

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk