14-3580
Singh v. Lynch

BIA
Hom, IJ
A075 968 264

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fifteen.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

MANJIT SINGH,
> *Petitioner,*

> v.                                          14-3580
>                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Visuvanathan Rudrakumaran, New
                       York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Linda S.
                       Wernery, Assistant Director;
                       Gregory M. Kelch, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manjit Singh, a native and citizen of India, seeks review of an August 27, 2014, decision of the BIA denying his motion to reconsider a prior order and to reopen his removal proceedings. *In re Manjit Singh,* No. A075 968 264 (B.I.A. Aug. 27, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of motions to reconsider and to reopen for abuse of discretion. *Nolasco v. Holder*, 637 F.3d 159, 162 (2d Cir. 2011) (motions to reconsider); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (motions to reopen).

Singh's motion to reconsider argued that the BIA erred in declining to equitably toll the time for filing his first motion to reopen, filed many years after his remand proceeding was terminated, due to ineffective assistance of counsel. Singh argued that counsel's ineffectiveness was so clear on the face

2

of the record that he was excused from his admitted noncompliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46-47 (2d Cir. 2005) (holding that failure to comply with *Lozada* is a valid basis for denial of reopening). The BIA did not abuse its discretion by requiring compliance with *Lozada*. Singh had not explained how counsel was ineffective, and the record showed that Singh had been warned of the consequences of failing to comply with the terms of his voluntary departure.

With respect to his second request to reopen, Singh submitted another affidavit, giving slightly more detail regarding his counsel's alleged ineffectiveness. However, he does not, and cannot, dispute that the immigration judge ("IJ") informed him of the consequences of failing to depart. In light of the overwhelming record evidence that he understood the requirements for voluntary departure, Singh's conclusory allegations do not establish that the alleged ineffectiveness is sufficiently "clear on the face of the record" to excuse his noncompliance with the *Lozada* requirements. *Jian Yun Zheng*, 409 F.3d at 46-47. Accordingly the BIA did not abuse its

3

discretion in denying his second motion to reopen. To the extent Singh now argues the changed country conditions exception to the time and number limitations, he neither sufficiently argued the exception below nor applied for asylum, which is the only reason to reopen based on changed conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4