Lopez-Avila v. Bondi

BIA
Auh, IJ
A098 122 506

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

FRANCISCO ISAIAS LOPEZ-AVILA,
> *Petitioner,*

v.                                                                  **23-6810**
                                                                    **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Francisco Isaias Lopez-Avila, a native and citizen of El Salvador, seeks review of a July 10, 2023, decision of the BIA affirming a December 8, 2022, decision of an Immigration Judge ("IJ") denying both his motion to terminate proceedings and his application for relief under the Convention Against Torture ("CAT"). *In re Francisco Isaias Lopez-Avila*, No. A098 122 506 (B.I.A. July 10, 2023), *aff'g* No. A098 122 506 (Immigr. Ct. Napanoch Dec. 8, 2022). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal to which we refer only as necessary to explain our decision.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). Where, as here, a petitioner was ordered removed for crimes involving moral turpitude and for separate offenses for which the aggregate sentence exceeded five years' imprisonment, our jurisdiction is generally limited to constitutional claims and

questions of law. *See* 8 U.S.C. 1252(a)(2)(C)–(D). However, this limitation does not apply to the review of CAT claims. *See Nasrallah v. Barr*, 590 U.S. 573, 581 (2020).

## I.  Federal Rule of Appellate Procedure 28

As an initial matter, we note that Lopez-Avila's operative brief does not comply with Federal Rule of Appellate Procedure 28 or this Court's February 26, 2024, order directing counsel to re-file his brief with adequate citations. Although a failure to comply with Rule 28 may result in dismissal of an appeal or petition without review of the merits, we address the merits here so as not to unfairly penalize Lopez-Avila for his counsel's deficient performance. *See Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 48 (2d Cir. 2012). Counsel is cautioned that future briefing deficiencies will be grounds for dismissal without consideration of the merits and may result in discipline.[1]

## II.  Motion to Terminate

Lopez-Avila first argues that the agency erred in denying his motion to terminate proceedings on the ground that he was improperly served with the notice to appear ("NTA") when he was a minor. We disagree.

---

[1] Counsel is also cautioned that a brief in this Court must do more than simply repeat the arguments raised before the BIA. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008) ("[F]iling of such an inadequate submission will be grounds not only for rejection of the brief but for formal reprimand or other sanction.").

Under 8 U.S.C. § 1229(a)(1), an NTA must specify, *inter alia*, the "nature of the proceedings," the "time and place at which the proceedings will be held," the "acts or conduct alleged to be in violation of law," and "the charges . . . and the statutory provisions alleged to have been violated."  "[I]f an alien receives notice of this information and a meaningful opportunity to participate in h[is] removal proceedings, due process is satisfied."  *Nolasco v. Holder*, 637 F.3d 159, 163 (2d Cir. 2011).

We discern no error with the agency's determination that Lopez-Avila received adequate notice.  Lopez-Avila—who entered the United States as an unaccompanied minor—received an NTA while in the care of a conservator.  A copy was then provided to his father shortly thereafter.  Additionally, an I-770 "Notice of Rights and Dispositions" for unaccompanied minors was read to Lopez-Avila in Spanish.  But even assuming *arguendo* that there was an error in informing Lopez-Avila of his rights, he has not established a due process violation. Lopez-Avila attended his hearings, he was represented by counsel, he had the opportunity to testify and present evidence, and his application for relief was addressed on the merits.

We are not persuaded by Lopez-Avila's argument that the agency failed to consider his mental illness in determining whether the notice was sufficient.

4

Lopez-Avila's removal proceedings were initiated in 2004, long before the onset of his mental health issues in 2015. And once notified of Lopez-Avila's mental health condition, the IJ ruled on competency and adopted safeguards suggested by the parties.

### III. CAT Relief

Lopez-Avila has also not established error in the agency's denial of his CAT claim. We review the agency's factual findings for substantial evidence, and questions of law and application of law to undisputed fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding," *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012), and "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

A CAT applicant has the burden to establish that he will "more likely than not" be tortured in the country of removal. 8 C.F.R. § 1208.16(c)(2); *see Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008). "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . by,

or . . . with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1).

Here, the agency reasonably found that Lopez-Avila's fear of torture by the government was too speculative. With regard to his mental illness, Lopez-Avila claimed he would be unable to obtain necessary treatment in El Salvador, that without his medication he begins to act unusually, that this unusual behavior would attract police, that police would detain him based on his behavior and tattoos, and that he would then end up in a mental institution or prison where he would be tortured. The agency found this chain of suppositions too tenuous. It concluded that even if Lopez-Avila were to have trouble obtaining his medication, he had not shown that behavior caused by his mental illness would more likely than not result in incarceration or psychiatric commitment. The agency also found that Lopez-Avila failed to present evidence that authorities specifically imprison and torture people with mental illnesses.[2] We discern no error in the agency's conclusion. *See Savchuck*, 518 F.3d at 123 ("An alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain

---

[2] In arguing to the contrary, Lopez-Avila references sources discussing police arrest quotas, poverty rates, gang violence, and disability rights in El Salvador. While some of the exhibits he references were included in the administrative record, others were not, and therefore cannot be considered. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

cannot be shown to be more likely than not to occur." (quoting *In re J-F-F-*, 23 I. &

N. Dec. 912, 918 n.4 (A.G. 2006)) (alteration omitted).

The agency also reasonably found that Lopez-Avila did not prove he would more likely than not be tortured by authorities because of his tattoos or criminal history. Lopez-Avila testified that he is not and has never been a gang member, and that his tattoos are not gang related. He has not argued that his tattoos are similar to gang symbols or are likely to be confused with such symbols. And he presented no evidence that he is suspected of being a gang member, or that he has recently associated with gang members. This is insufficient to establish a likelihood of detention or torture. Although Dr. Allison, Lopez-Avila's expert, testified that U.S. and Salvadoran authorities exchange information about suspected gang members and that gang members will likely be detained upon their return to El Salvador, he also explained that others simply have their information entered into a database and are required to check-in with authorities. *See Suzhen Meng v. Holder*, 770 F.3d 1071, 1076 (2d Cir. 2014) (noting that "evidence of the *possibility* of future torture" is insufficient to show agency error). Dr. Allison also testified that, while individuals with gang-related tattoos are likely to face detention, those with tattoos unrelated to gangs may only be subject to questioning or enhanced monitoring.

7

The agency also did not err in finding Lopez-Avila's fear of gang members too speculative. Lopez-Avila testified that he has never been a gang member and that his family in El Salvador has never been targeted by gangs. In addition, Dr. Allison explained that Salvadoran gangs' response to outsiders varies—gangs could demand extortion, seek to recruit him, or harm him if they believe he is a rival gang member. The agency reasonably concluded that Lopez-Avila's concerns constitute no more than a general fear of crime and dangerous conditions, which is insufficient to establish eligibility for CAT relief. *See Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 205 (2d Cir. 2021) (finding "generalized statements about the pervasiveness of gangs and gang violence" insufficient to prove Salvadoran applicant was entitled to CAT relief).

\* \* \*

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8