**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVA ANGELINA JIMENEZ-SANDOVAL,<br><br>*Petitioner*,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>*Respondent.* | No. 19-73193<br><br>Agency No.<br>A072-991-558<br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2021[*]
San Francisco, California

Filed January 13, 2022

Before: Johnnie B. Rawlinson and Jay S. Bybee, Circuit
Judges, and Kathleen Cardone,[**] District Judge.

Opinion by Judge Rawlinson

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Kathleen Cardone, United States District Judge for
the Western District of Texas, sitting by designation.

## SUMMARY[***]

### Immigration

Denying Eva Jimenez-Sandoval's petition for review of a decision of the Board of Immigration Appeals that denied her motion to reopen an *in absentia* deportation order, the panel rejected Jimenez-Sandoval's contention that, because she was actually a minor when she was released on her own recognizance without notice of her hearing to a reasonable adult, the notice provided her was inadequate.

When Jimenez-Sandoval was apprehended upon entry into the United States, an immigration officer interviewed her and prepared a Form I-213 ("Record of Deportable Alien"), which indicated that Jimenez-Sandoval was 20 years old. Immigration officers released her on her own recognizance and served her with an Order to Show Cause (OSC) and a Notice of Hearing. After Jimenez-Sandoval failed to appear at her hearing, she was ordered deported *in absentia*. Almost twenty years later, Jimenez-Sandoval filed a motion to reopen, seeking to set aside the order on the basis that the agency did not comply with the notice requirements for minors. Jimenez-Sandoval provided a copy of her birth certificate, which indicated that she was 17 years old when apprehended. The immigration judge denied her motion, and the BIA dismissed her appeal.

The panel discussed *Flores-Chavez v. Ashcroft*, 362 F.3d 1150 (9th Cir. 2004), in which a detained fifteen-year-old

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

immigrant was released from custody to an adult relative, and the OSC was served only on the minor, not the adult. The court found notice insufficient, concluding that the only reasonable construction of the statute and governing regulations requires notice to both the minor and the adult to whom the minor is released. The panel found Jimenez-Sandoval's case readily distinguishable from *Flores-Chavez*, explaining that Jimenez-Sandoval was released on her own recognizance presumably based on the immigration officers' belief that she was not a minor. Because there was no adult present to assume responsibility for ensuring Jimenez-Sandoval's appearance at future proceedings, the panel concluded that the requirement of notice to an adult was not triggered.

The panel further explained that this case more closely resembled *Cruz Pleitez v. Barr*, 938 F.3d 1141 (9th Cir. 2019), in which the court declined to extend the holding in *Flores-Chavez* to encompass service on a minor over age fourteen who had not been placed in detention. The panel explained that here, as in *Cruz Pleitez*, no adult ever entered an agreement with the government to assume responsibility for petitioner. Accordingly, there was no reason to believe that serving the OSC on an adult would be any more effective in ensuring the minor's attendance at the hearing than serving notice on the minor. Therefore, under the facts of this case, the panel concluded that the notice provided to Jimenez-Sandoval was adequate.

**COUNSEL**

Stacy Tolchin and Megan A. Brewer, Law Offices of Stacy Tolchin, Pasadena, California, for Petitioner.

Jeffrey A. Hall, Counsel; Janice Kay Redfern, Senior Litigation Counsel; Ethan P. Davis, Acting Assistant Attorney General; United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

**OPINION**

RAWLINSON, Circuit Judge:

Petitioner Eva Jimenez-Sandoval (Jimenez-Sandoval), seeks review of a decision from the Board of Immigration Appeals (BIA) denying her motion to reopen removal proceedings. When Jimenez-Sandoval arrived in the United States, she was taken into custody by immigration officers, served an Order to Show Cause (OSC), and subsequently released. After Jimenez-Sandoval failed to appear before the Immigration Judge (IJ), she was ordered deported *in absentia*. Jimenez-Sandoval seeks to set aside the *in absentia* deportation order on the basis that the agency did not comply with the notice requirements applicable to a minor in immigration proceedings. We disagree, and **DENY** the petition for review.

## I.  BACKGROUND

Upon her entry into the United States, Jimenez-Sandoval was apprehended by immigration officers. After interviewing Jimenez-Sandoval, an immigration officer prepared a Form

I-213 indicating that Jimenez-Sandoval was born on August 6, 1973, making her 20 years old at the time of her entry.[1] Presumably because the immigration officers believed she was an adult at the time of her entry, they released her on her own recognizance and served her with an OSC and Notice of Hearing. The served documents included the date, time, and location of her deportation proceedings. Jimenez-Sandoval failed to appear before the IJ and was ordered deported *in absentia*.

Almost twenty years after her entry, Jimenez-Sandoval filed a motion to reopen her immigration proceedings. The motion to reopen was predicated on her argument that the Form I-213 from her initial entry erroneously recorded her date of birth. To support her argument, Jimenez-Sandoval provided a copy of her birth certificate listing her date of birth as August 6, 1976, making her 17 years old at the time she was apprehended by immigration officers. Because, she asserted, she was actually a minor when she was released on her own recognizance without notice to a reasonable adult, the notice was inadequate under our precedent established in *Flores-Chavez v. Ashcroft*, 362 F.3d 1150 (9th Cir. 2004). The IJ was not persuaded, and denied Jimenez-Sandoval's motion to reopen. Jimenez-Sandoval appealed to the BIA, which dismissed her appeal. Jimenez-Sandoval filed a timely petition for review.

---

[1] Form I-213 is a "Record of Deportable Alien" prepared and maintained by the Immigration and Naturalization Service. *Tejeda-Mata v. INS*, 626 F.2d 721, 723 (9th Cir. 1980).

## II.  JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of a motion to reopen.  *See Etemadi v. Garland*, 12 F.4th 1013, 1018 (9th Cir. 2021). "We review the denial of a motion to reopen for abuse of discretion. . . ." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) (citation omitted).  "The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016), *as amended* (citation and internal quotation marks omitted).  However, purely legal questions are subject to de novo review.  *See Etemadi*, 12 F.4th at 1018.

## III.    DISCUSSION

Because Jimenez-Sandoval's petition relies so heavily on our *Flores-Chavez* decision, a discussion of that decision in some detail is warranted.

In *Flores-Chavez,* a fifteen-year-old immigrant was detained by immigration officials and later released into the custody of an adult relative.  *See* 362 F.3d at 1153.  Just as was true with Jimenez-Sandoval, Flores-Chavez failed to appear at his removal proceedings and was ordered removed *in absentia*.  *See id.* at 1154.  Flores-Chavez also filed a motion to reopen his immigration proceedings.  In his motion, he asserted that he did not have notice of the immigration proceedings due to improper service of the OSC and Notice of Hearing.  *See id.*  We agreed with Flores-Chavez that service of the OSC was inadequate.  *See id.* at 1153.  In doing so, we addressed the interplay between two immigration

regulations, 8 C.F.R. § 103.5a[2] and 8 C.F.R. 242.24.[3] *See id.* at 1155–60.

8 C.F.R. § 103.5a provided in pertinent part:

> This section states authorized means of service . . . on parties . . .
>
> (a) Types of service
>
> . . .
>
> > (2) Personal service . . .
> >
> > > (i) Delivery of a copy personally;
>
> (c) When personal service required —
>
> . . .
>
> > (2) Persons confined, *minors*, and incompetents —
> >
> > . . .
> >
> > > (ii) Incompetents and *minors*. [I]n the case of a *minor under 14 years of age*, service shall be made upon

---

[2] *Redesignated as* 8 C.F.R. § 103.8(c)(2)(ii). *See* 76 F.R. 53764, 53771 (Aug. 29, 2011).

[3] *Redesignated as* 8 C.F.R. § 236.3. *See* 62 F.R. 10312, 10362 (March 6, 1997).

> the person with whom the . . .
> *minor* resides . . .

(emphases added).

8 C.F.R. § 242.24 entitled "Detention and release of juveniles," provided in pertinent part:

> (a) Juveniles.  A juvenile is defined as an alien under the age of eighteen (18) years.
>
> (b) Release.  Juveniles [in custody] shall be released, in order of preference, to: (i) A parent; (ii) legal guardian; or (iii) adult relative . . . who are not presently in INS detention . . .

In *Flores-Chavez*, the BIA relied on the provisions of 8 C.F.R. § 103.5a to reject Flores-Chavez's claim that he did not receive proper notice.  *See* 362 F.3d at 1153.  The BIA concluded that "the INS was required to serve only [Flores-Chavez], and not the adult to whom he was released from custody, because he was over fourteen years of age at the time." *Id.* (citing the age provision in 8 C.F.R. 103.5a(c)(2)).

"Construing the regulatory scheme governing juvenile notice and release as a whole," we concluded that "the only reasonable interpretation of the regulations at issue requires that the [INS] serve notice to both the 'juvenile,' as defined in 8 C.F.R. § 242.24, and to the person to whom the regulation authorizes release." *Id.* at 1153.

We rejected the government's contention that § 103.5a permitted service on juveniles alone if they were older than

fourteen. *See id.* at 1157–58. Rather, we determined that the age cutoff in § 103.5a was arbitrary, requiring consideration of the overall regulatory framework to resolve the service issue. *See id.* at 1159.

Turning to the detention and release regulations for juveniles set forth in § 242.24, we noted that the adult to whom the minor is released assumes both custody and responsibility for the minor immigrant who is released into that adult's care. *See id.* at 1157.

We concluded that, in view of the "constitutional concerns" that would otherwise arise, "the only reasonable construction of the statute and implementing regulations requires notice to the adult to whom the juvenile is released *from custody*." *Id.* at 1163 (emphasis added). Because that adult assumes responsibility for the minor's attendance at future proceedings, we reasoned that the INS was required to "serve notice of the minor's rights and responsibilities upon that adult if the minor is under eighteen." *Id.* We described notice to the adult as "the *effective* notice to which [Flores-Chavez] was legally entitled . . ." *Id.* at 1157 (emphasis in the original).

We also explained that the interpretation of the regulations was not inconsistent with the BIA's explanation of the purpose of § 103.5a to provide effective notice to juveniles by serving "a notice to appear on the person with whom a minor respondent resides." *Id.* at 1163 (quoting *In re Mejia-Andino*, 23 I&N Dec. 533, 536 (BIA 2002)).

We observed that our interpretation of the regulations did not conflict with the service provisions of § 103.5a because § 103.5a "is a general notice provision" that does not "purport

to address the issue of notice to juveniles in custody who are released to an adult for an appearance at a future hearing." *Id.* at 1158. In contrast, we explained, "§ 242.24 pertains specifically to the protections afforded a juvenile who is taken into INS custody and the responsibilities of the adult to whom he is released." *Id.*; *see also id.* at 1161–62 (explaining that "[t]he agency could provide the notice when the adult arrives to take custody of the minor and could read it simultaneously to the minor and the adult").

We can readily distinguish the facts of this case from those considered by the *Flores-Chavez* panel in reaching its conclusion that service on the minor was not sufficient. Rather than being released from immigration custody into the arms of a responsible adult, Jimenez-Sandoval was released on her own recognizance presumably based on the immigration officers' belief that she was not a minor. Because there was no adult present to assume responsibility for ensuring Jimenez-Sandoval's appearance at future proceedings, the requirements of § 242.24 were not triggered. *See id.* at 1161–62.

In our view, the facts of this case more closely resemble those recently addressed by our court in *Cruz Pleitez v. Barr*, 938 F.3d 1141 (9th Cir. 2019). In that case, we declined to extend our holding in *Flores-Chavez* to encompass service on a minor over age fourteen who had not been placed in immigration detention. *See id.* at 1145.

We focused on the fact that "no adult ever entered an agreement with the government to assume responsibility for Petitioner." *Id.* at 1146. We noted the lack of clarity regarding with whom Petitioner resided, including whether anyone there was over eighteen. *See id.* In any event, there

was no way of knowing whether any adult residing with Petitioner "would have been willing to take the kind of responsibility that was statutorily assigned in *Flores-Chavez*." *Id.* Ultimately, we concluded that absent investigating each situation individually, "it is impossible to know whether a particular minor over the age of 14 resides with an adult and, if so, whether serving the OSC on that adult will be any more effective in ensuring the minor's attendance at the hearing than serving notice on the minor." *Id.*

Unlike the petitioner in *Flores-Chavez*, Jimenez-Sandoval was not released from detention into the custody of an adult. As was the situation in *Cruz Pleitez*, "no adult ever entered an agreement with the government to assume responsibility for Petitioner." *Id.* at 1146. Accordingly, there was no reason to believe that "serving the OSC on [an] adult [would] be any more effective in ensuring the minor's attendance at the hearing than serving notice on the minor." *Id.* Therefore, under the facts of this case, we conclude that the notice provided to Jimenez-Sandoval was adequate. *See Cruz Pleitez*, 938 F.3d at 1146–47. Consequently, the BIA acted within its discretion in denying Jimenez-Sandoval's motion to reopen the removal proceedings due to inadequate notice. *See Salim*, 831 F.3d 1133, 1137 (9th Cir. 2016). Therefore, we deny the petition.[4]

**PETITION DENIED.**

---

[4] Because we determine that the BIA properly distinguished *Flores-Chavez*, we need not address any estoppel issue.