**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE BRACAMONTES-CORTEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-73718

Agency No. A206-149-649

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2023
San Francisco, California

Before:  MILLER, SANCHEZ, and MENDOZA, Circuit Judges.

Jose Bracamontes-Cortez ("Bracamontes-Cortez"), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial

of his motion to reopen his removal proceedings. We have jurisdiction under 8

U.S.C. § 1252. Reviewing the BIA's denial of the motion to reopen for abuse of

discretion, *see Jimenez-Sandoval v. Garland*, 22 F.4th 866, 868 (9th Cir. 2022), we

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

deny the petition.

Bracamontes-Cortez does not challenge the denial of his motion to reopen to reapply for cancellation of removal. He instead challenges the denial of his motion to apply for special rule cancellation under the Violence Against Women Act ("VAWA").

We may affirm the BIA on any ground set forth in the decision under review. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005). The BIA denied the motion on the basis that Bracamontes-Cortez failed to submit an application for cancellation of removal under VAWA with his motion to reopen. The BIA concluded that Bracamontes-Cortez's prior application for cancellation of removal was insufficient to satisfy 8 C.F.R. § 1003.2(c)(1) given his changed circumstances, in particular his divorce and new allegations of abuse by his now ex-spouse. The BIA did not abuse its discretion in so concluding.[1]

The motion for a stay of removal is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.

**PETITION DENIED.**

---

[1] Because the failure to submit an application is dispositive of his petition, we do not reach the parties' additional arguments. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).