NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Mariano Santiago Grande,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 22-761<br><br>Agency No.    A200-823-656<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023[**]
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and VRATIL,[***] District Judge.

Mariano Santiago Grande ("Santiago Grande"), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' ("BIA")

denial of his motion to reopen his removal proceedings. He moved for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathryn H. Vratil, Senior United States District Judge for the District of Kansas, sitting by designation.

reopening to apply for cancellation of removal, asylum, and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    Reviewing the BIA's denial of the motion to reopen for abuse of discretion, *see Jimenez-Sandoval v. Garland*, 22 F.4th 866, 868 (9th Cir. 2022), we may affirm the BIA on any ground set forth in the decision under review, *see Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005).

The BIA denied Santiago Grande's motion to reopen to apply for cancellation of removal after determining that he failed to establish prima facie eligibility for relief. Prima face eligibility for cancellation of removal is established "when the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014) (quotation marks and citation omitted). The BIA determined that Santiago Grande failed to establish that his removal would result in exceptional and extremely unusual hardship to his four qualifying relatives – his lawful permanent resident wife, their U.S. citizen child, and his two U.S. citizen stepchildren.[1] 8 U.S.C. § 1229b(b)(1)(D). The BIA concluded instead that Santiago Grande did not show hardship beyond the ordinary hardship expected when a close family member is removed. The BIA did not abuse its discretion in so concluding. *See Garcia v. Holder*, 621 F.3d 906, 912–

---

[1] Santiago Grande emphasized his stepdaughter's mental health conditions and the exceptional hardship he claims his removal would cause her, but as the BIA noted, he did not submit any medical documentation or diagnosis in support of this claim.

2

13 (9th Cir. 2010).

2.     The BIA also denied Santiago Grande's motion to reopen to apply for asylum and withholding of removal based on his membership in the proposed particular social group of "deportees from the United States during the Covid-19 Pandemic." The BIA reasoned that Santiago Grande failed to submit a new asylum application as required under 8 C.F.R. § 1003.2(c)(1). With respect to this ground for denial, we find no abuse of discretion.

Further, the BIA was well within its discretion to conclude that Santiago Grande had not articulated a cognizable particular social group because a proposed group of individuals deported during the Covid-19 pandemic is too broad and amorphous to satisfy the particularity requirement. We have previously rejected a similar proposed group of those "returning Mexicans from the United States" as too broad to constitute a particular social group. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (internal quotation marks omitted). It was not "arbitrary, irrational, or contrary to law" for the BIA to conclude the same here. *Jimenez-Sandoval*, 22 F.4th at 868.[2]

3.     The motion for a stay of removal is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.

**PETITION DENIED.**

---

[2] In light of our resolution of these claims, we need not reach the parties' arguments concerning the one-year bar to asylum. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

3