**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRISELDA HERNANDEZ-MEJIA, | No. 21-463 |
| Petitioner, | Agency No. A088-769-267 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Petitioner Griselda Hernandez-Mejia, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

dismissing her appeal from an Immigration Judge's denial of her motion to reopen

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and rescind an in absentia removal order. We review the denial of a motion to reopen for abuse of discretion. *Jimenez-Sandoval v. Garland*, 22 F.4th 866, 868 (9th Cir. 2022). We deny the petition.

The BIA did not abuse its discretion in denying Petitioner's motion to reopen. Petitioner has not shown that the agency failed to send her notice of her hearing in accordance with 8 U.S.C. § 1229(a). *See Campos-Chaves v. Garland*, 602 U.S. 447, 450 (2024) (holding that service of either a Notice to Appear under § 1229(a)(1) or a subsequent Notice of Hearing under § 1229(a)(2) satisfies the notice requirement). The record reflects that Petitioner was personally served with the Notice to Appear, advised of her duty to update her address, and that she provided an initial address in Arizona. The Immigration Court mailed her hearing notice to that address, and there is no evidence that Petitioner filed a change of address form prior to her missed hearing. Thus, Petitioner received notice under the law. *See* 8 U.S.C. §§ 1229(a)(2), 1229a(b)(5)(A); *Popa v. Holder*, 571 F.3d 890, 897–98 (9th Cir. 2009).

Petitioner's claim that the initial Notice to Appear was defective under *Pereira v. Sessions*, 585 U.S. 198 (2018), is now foreclosed by *Campos-Chaves*, 602 U.S. at 457–59. Under *Campos-Chaves*, she is not eligible for rescission of her in absentia removal order under 8 U.S.C. § 1229a(b)(5)(C)(ii).

Finally, Petitioner waived any other grounds for reopening by failing to raise them in her opening brief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**