NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORENZO NEFTALI CRUZ-
RODRIGUEZ,

          Petitioner,

  v.

TODD BLANCHE, Acting Attorney
General,

          Respondent.

No. 25-2021

Agency No.
A098-004-627

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2026[**]
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Lorenzo Cruz-Rodriguez, a native and citizen of El Salvador, timely

petitions for review of a decision by the Board of Immigration Appeals dismissing

his appeal from an immigration judge's order that denied Petitioner's motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

reopen removal proceedings to seek rescission of his in absentia removal order. We deny the petition.

The agency did not abuse its discretion by denying Petitioner's motion to reopen. See Jimenez-Sandoval v. Garland, 22 F.4th 866, 868 (9th Cir. 2022) (stating legal standard). Although the initial Notice to Appear with which he was personally served was defective because it did not specify the date and time of his removal hearing, see Pereira v. Sessions, 585 U.S. 198, 202 (2018); Niz-Chavez v. Garland, 593 U.S. 155, 161 (2021), in Campos-Chaves v. Garland, 602 U.S. 447 (2024), the Supreme Court rejected the argument that a noncitizen may seek rescission of an in absentia removal order on that ground alone. See Campos-Chaves, 602 U.S. at 461–62. A defective Notice to Appear does not render a noncitizen eligible for rescission of an in absentia removal order under 8 U.S.C. § 1229a(b)(5)(C)(ii) if the noncitizen was later given a written notice "that includes 'the new time or place of the proceedings' and the consequences of 'failing . . . to attend such proceedings.'" Id. (alteration in original) (quoting 8 U.S.C. § 1229(a)(2)(A)). Petitioner's briefing in this court does not contest that the agency sent him such a notice.

No authority supports Petitioner's remaining argument that "it was improper and unreasonable and not consistent with due process" for the agency to send the subsequent notice "months after the initial [Notice to Appear] was provided." Cf.

id. at 453, 461–62 (holding that a written notice of hearing received "a few months" after the defective Notice to Appear complied with 8 U.S.C. § 1229(a)(2)).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion and supplemental motion for stay of removal (Dkt. Nos. 4, 8) are otherwise denied.