FILED

MAY 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORENZO NEFTALI CRUZ
RODRIGUEZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-2021

Agency No.
A098-004-627

ORDER

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

The memorandum disposition filed on April 20, 2026, is hereby amended.

The amended memorandum will be filed concurrently with this order.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORENZO NEFTALI CRUZ-RODRIGUEZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-2021

Agency No.
A098-004-627

AMENDED MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2026**
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Lorenzo Cruz-Rodriguez, a native and citizen of El Salvador, timely petitions for review of a decision by the Board of Immigration Appeals dismissing his appeal from an immigration judge's order that denied Petitioner's motion to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

reopen removal proceedings to seek rescission of his in absentia removal order. We deny the petition.

The agency did not abuse its discretion by denying Petitioner's motion to reopen. See Jimenez-Sandoval v. Garland, 22 F.4th 866, 868 (9th Cir. 2022) (stating legal standard). Although the initial Notice to Appear with which he was personally served was defective because it did not specify the date and time of his removal hearing, see Pereira v. Sessions, 585 U.S. 198, 202 (2018); Niz-Chavez v. Garland, 593 U.S. 155, 161 (2021), in Campos-Chaves v. Garland, 602 U.S. 447 (2024), the Supreme Court rejected the argument that a noncitizen may seek rescission of an in absentia removal order on that ground alone. See Campos-Chaves, 602 U.S. at 461–62. A defective Notice to Appear does not render a noncitizen eligible for rescission of an in absentia removal order under 8 U.S.C. § 1229a(b)(5)(C)(ii) if the noncitizen was later given a written notice "that includes 'the new time or place of the proceedings' and the consequences of 'failing . . . to attend such proceedings.'" Id. (alteration in original) (quoting 8 U.S.C. § 1229(a)(2)(A)). Petitioner's briefing in this court does not contest that the agency sent him such a notice.[1]

---

[1] The notice of hearing—without which Petitioner could not have known when he was to appear—was sent to the wrong address ("4620 Pan Am Ave, Chantilly, VA 20151," instead of the correct address that Petitioner had supplied, "14620 Pan Am Ave, Chantilly, VA 20151,"). That notice, which was undeliverable as addressed, was returned to the agency. The agency did nothing to

No authority supports Petitioner's remaining argument that "it was improper and unreasonable and not consistent with due process" for the agency to send the subsequent notice "months after the initial [Notice to Appear] was provided." Cf. id. at 453, 461–62 (holding that a written notice of hearing received "a few months" after the defective Notice to Appear complied with 8 U.S.C. § 1229(a)(2)).

**PETITION DENIED.**[2]

---

follow up. But, before the agency and this court, Petitioner's counsel conceded that the notice was sent to the address that Petitioner provided. Therefore, we cannot reach the question whether the notice was reasonably calculated to inform Petitioner of the time of the hearing.

The government's brief initially appears to acknowledge that the notice was sent to the wrong address. (stating accurately that Petitioner provided the "14620" address but that the notice was sent to the "4620" address and was returned as undeliverable). But later statements in the government's brief demonstrate a troubling lack of candor: (1) that the notice was "mailed to [Petitioner] at his Chantilly address," (emphasis added); and (2) that it is a "fact[]" that "the immigration court mailed a notice of hearing to [Petitioner] at the address he provided," (emphasis added). The government is admonished not to assert that the facts differ from the record, as distinct from noting Petitioner's waiver of the issue.

[2] The temporary stay of removal remains in place until the mandate issues. The motion and supplemental motion for stay of removal (Dkt. Nos. 4, 8) are otherwise denied.