**NOT FOR PUBLICATION**

**FILED**

JUN 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| KEVIN GONZALEZ-MANZO; ORBELINA DUBON-GARCIA; A. A. G.-D., | No. 25-4687 |
| Petitioners, | Agency Nos. A220-319-001 A220-321-146 A220-319-003 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2026**
San Francisco, California

Before: GOULD, NGUYEN, and VANDYKE, Circuit Judges;
Concurrence by Judge VanDyke.

Petitioners, Kevin Gonzalez-Manzo, his wife, and their minor child (together,

"Petitioners"), seek review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings based on changed country

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conditions in Guatemala. We have jurisdiction to review the BIA's denial of a motion to reopen under 8 U.S.C. § 1252 and deny the petition. *Jimenez-Sandoval v. Garland*, 22 F.4th 866, 868 (9th Cir. 2022).

"We review the denial of a motion to reopen for abuse of discretion." *Id.* "The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." *Id.* "We review the BIA's factual findings regarding changed country conditions for substantial evidence." *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004). Under the substantial evidence standard, we must accept the agency's findings unless the record compels a reasonable factfinder to conclude to the contrary. *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005).

The BIA has "broad discretion in considering motions to reopen." *INS v. Abudu*, 485 U.S. 94, 96 (1988).

> To prevail on a motion to reopen on the basis of changed country conditions, a petitioner must clear four hurdles. A petitioner must (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.

*Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (simplified).

The evidence Petitioners submitted to support their motion to reopen does not compel the conclusion that there has been a material change in conditions in

Guatemala in the four years following Petitioners' initial hearing before an Immigration Judge. Evidence predating Petitioners' 2021 hearing cannot establish a change in country conditions postdating that hearing. Evidence that "merely describes conditions similar to those found in [reports predating the prior hearing]" likewise cannot establish an intervening material change in country conditions. *Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010). And evidence asserting general changes without specifying dates when the changes occurred does not establish that the changes postdate the initial hearing. *He v. Gonzales*, 501 F.3d 1128, 1133 (9th Cir. 2007).

The evidence Petitioners submitted to support their motion to reopen was undated, immaterial, predated the 2021 hearing, or described conditions similar to those that existed at the time of the 2021 hearing. Based on those defects and the substance of the evidence, a reasonable factfinder could conclude "that the respondents did not show a material change in country conditions in Guatemala since their prior hearing." The BIA denial of Petitioners' motion to reopen was not "arbitrary, irrational, or contrary to law." *Jimenez-Sandoval*, 22 F.4th at 868.

**PETITION DENIED.**[1]

---

[1] Petitioners' opposed motion to stay removal pending appeal (Dkt. No. 3) is denied.

*Gonzalez-Manzo et al. v. Blanche*, No. 25-4687
VANDYKE, Circuit Judge, concurring:

I write separately to note that this case is yet another telling example of the defects of our court's past unlawful automatic-grant and deferred-review process for opposed motions to stay removal pending appeal in meritless immigration cases.

In December 2023, the BIA found that Petitioners' claims for asylum, withholding of removal, and CAT protection were meritless. In February 2025, a panel of our court agreed that Petitioners' claims were meritless. *Gonzalez Manzo v. Bondi*, No. 24-225, 2025 WL 471113, *1–2 (9th Cir. Feb. 12, 2025). In July 2025, the BIA denied Petitioners' motion to reopen their appeal as meritless. Now, in June 2026, a second panel of our court agrees that Petitioners' motion to reopen their appeal was meritless.

It sure seems like the claims at issue in this case are meritless. But by vigorously advancing these meritless claims in every way possible, Petitioners received automatic grants of something almost as valuable as immigration relief from our court: more time in the United States. In July 2025, Petitioners filed a threadbare motion to stay removal pending our court's disposition of the instant petition for review. That opposed motion simply asserted that "[t]he Petitioners' claims have a likelihood of success on the merits." In any other request for preliminary relief, this conclusory statement would be found clearly deficient— frivolous even—during an individualized analysis of the traditional stay factors and

would fail to satisfy the demanding burden required to secure the extraordinary remedy of a stay. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

But our court has maintained an unwritten, immigration-only, automatic-grant and deferred-review process for opposed stay motions. Without the review of any Article III judge, our court reflexively granted the Petitioners an automatic stay of removal that has now extended for most of a year. Because Petitioners showed no likelihood of success on the merits, their opposed motion to stay removal should have been promptly denied. And until our court permanently and publicly corrects its internal procedures by assigning opposed stay motions to the next available motions panel, our court will presumably continue to automatically grant thousands of months of unwarranted time in response to numerous meritless immigration petitions.

For the reasons stated in *Rojas-Espinoza v. Bondi*, 167 F.4th 1069, 1073–74, 1077–78 (9th Cir. 2026) (VanDyke, J., dissenting from the grant of rehearing en banc), our court's unwritten procedures that have automatically granted stays of removal as a matter of right are manifestly unlawful and must be permanently modified to conform with the Supreme Court's controlling authority. *Nken*, 556 U.S. at 433–34.